**Joseph A. MILLER, Appellant,**

**v.**

**Felix RODRIGUEZ, Acting Warden, New Mexico State Penitentiary, Appellee.**

**No. 9076.**

United States Court of Appeals
Tenth Circuit.

Feb. 10, 1967.

Fred M. Standley, Santa Fe, N. M., for appellant.

L. D. Harris, Sp. Asst. Atty. Gen., Albuquerque, N. M. (Boston E. Witt, Atty. Gen., Santa Fe, N. M., with him on the brief), for appellee.

Before PICKETT and SETH, Circuit Judges, and BROWN, District Judge.

WESLEY E. BROWN, District Judge.

The appellant Miller appeals from a denial of his application for a writ of habeas corpus. He raises two grounds for reversal. First, that he did not waive his right to counsel at his state preliminary hearing on a 1959 murder charge; and second, that the six year delay in imposing a correct sentence constitutes a denial of his right to a speedy trial as guaranteed by the Sixth Amendment to the Constitution of the United States.

In 1959, Miller pled guilty to two counts of second degree murder, however, he was not then sentenced on these charges. He was at that time sentenced under the Habitual Criminal Act. In 1965 he petitioned for a writ of habeas corpus in the New Mexico Supreme Court. The court found the sentence void and on March 22, 1965 he was remanded to the District Court of Luna County to await imposition of sentences for the two murder convictions. The Supreme Court of New Mexico stated:

> "We * * * find that the petitioner, with the advice of able court-

appointed counsel, intelligently, competently and understandingly entered guilty pleas to two separate charges of second degree murder; that petitioner was in nowise prejudiced because of the failure to appoint counsel at and prior to the preliminary examination, and that such failure does not require vacating the pleas of guilty entered in the district court." Miller v. Cox, 75 N.M. 65, 400 P.2d 480.

The evidence of what transpired at a preliminary hearing held in connection with these murder cases is not clear. The testimony of Miller as to what occurred six years ago is vague and the only other evidence available is the testimony of a co-defendant at his federal habeas hearing. This is also unclear. One thing is clear, however, Miller was not represented by counsel and probably not offered appointed counsel at the state preliminary hearing. What occurred at the arraignment hearing before the state trial judge is equally unclear. Counsel was appointed before the arraignment and after consultation with him, Miller pled guilty to two counts of second degree murder rather than face execution if found guilty of two counts of first degree murder. When this sentence was voided Miller was returned for resentencing on the murder charges. He was represented by the same attorney at his resentencing. The sentencing judge was the district attorney who originally prosecuted the case. On April 6, 1965 the appellant was sentenced to not less than three years and no more than the term of his natural life on each murder charge the sentences to commence at the time he was improperly sentenced in October 1959.

▉ The first issue with respect to the waiver of counsel was not reached by the district court although much of the testimony of Miller was directed to circumstances surrounding his preliminary hearing and the advice given by counsel prior to his arraignment. The district court at the time of the pre-trial hearing advised counsel in part: "Well, suppose, after you have had an opportunity to go over the matter further, you amend the

petition to present any points that you want to, that you feel has been presented and the state court remedies exhausted." [1] This court has held that where the question was not raised by the motion filed in the trial court and is raised here for the first time that it would be precluded from considering the point. It may, however, still appropriately be presented in a habeas corpus proceeding. See Williams v. United States of America, CA 10, January 1967, 371 F.2d 141.

This brings us to a second contention and the only question determined by the court below, namely, that the six year delay in imposing a correct sentence, was a denial of appellant's constitutional right to a speedy trial as guaranteed by the Sixth Amendment to the Constitution of the United States.

■■ The mere correction of a sentence promptly after it is discovered that the original sentence, imposed six years earlier, was erroneous does not support the constitutional burden Miller claims. In Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957), the trial court had entered a formal judgment and commitment in 1954, and set aside an erroneous judgment and order of probation entered two years earlier which was defective because of the defendant's absence from the courtroom at the time the judge formally stated the judgment. The court rejected petitioner's claim that he had been denied a speedy trial: "The delay must not be purposeful or oppressive. It was not here. It was accidental and was promptly remedied when discovered." 352 U.S. at 361, 77 S.Ct. at 486, 1 L.Ed.2d 399. The delay must partake of the purposeful and oppressive, or even smack of deliberate obstruction on the part of the government, before relief will be granted.

See United States v. Grabina, 309 F.2d 783 (2d Cir. 1962). Mr. Justice Black wrote in Bozza v. United States, 330 U.S. 160, 166–167, 67 S.Ct. 645, 649, 91 L.Ed. 818: "This Court has rejected the 'doctrine that a prisoner, whose guilt is established by a regular verdict, is to escape punishment altogether because the court committed an error in passing the sentence.' [citation omitted] The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner."

The dismissal of the District Court of the petition for a writ of habeas corpus is affirmed.

---

1. At the hearing before the court in a colloquy between the court and counsel, the following occurred:

"Mr. Standley: I told you we were going to present the question of when he would represent counsel and the petitioner was presented the question of the long delay in sentencing.

The Court: All right.

Mr. Harris: I don't believe that has been presented in state court, Your Honor. You're talking about the sentence he is now serving, he just received from Judge Hodges.

Mr. Standley: The one he first received, the one he is under now."