**Melvin Leon DEATON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 9521.**

United States Court of Appeals
Tenth Circuit.

Oct. 6, 1967.

James Bounds, Hugo, Okl., for appellant.

William J. Settle, Asst. U. S. Atty., Muskogee, Okl. (Bruce Green, U. S. Atty., Muskogee, Okl., on the brief) for appellee.

Before PICKETT, HILL and HICKEY, Circuit Judges.

PER CURIAM.

Appellant was tried and convicted before a jury on four counts, all charging violations of the Internal Revenue laws relating to nontaxpaid distilled spirits. In this direct appeal he urges reversible error because "Inconsistency and improvement of the testimony of prosecution witnesses who had testified at a previous trial were prejudicial to the right of the defendant to a fair trial under the Sixth Amendment to the United States Constitution."

Deaton was tried twice in this case. The first trial resulted in a jury disagreement and a second trial was subsequently had, from which comes this appeal. Witness Logan, an Alcohol and Tobacco Tax Agent, testified at both trials. In the first trial he testified about his surveillance of the premises where the violations occurred at a time prior to the arrest of Deaton. At the second trial Logan gave the same testimony and in addition testified about a conversation he overheard during the surveillance between Deaton and his father and that Deaton had "let out a whoop" as Logan got out of the car at the time of the arrests. It is this additional testimony that is under attack.

Appellant's contention is wholly without merit. It is undisputed that at the first trial no question was asked of Logan about the conversation. Such a question was asked of him at the second trial and the answer under attack was given. Counsel for appellant was then permitted to cross-examine Logan upon the fact that at the first trial he had given no testimony as to the conversation. Logan's previous testimony was read back to him and he readily admitted that he had not testified at the first trial about any such conversation. There also appears to be no dispute about the testimony concerning the "whoop." Counsel for appellant did not cross-examine the witness on this point and no argument is made concerning this matter in appellant's brief. We have no way of knowing whether this was testimony not given at the first trial or whether it was given in response to a question asked at the second trial and not at the first. In any respect the witness' testimony on this

point is the same as numerous other government witnesses present at the arrest.

 The point raised is simply an attack upon the credibility of the witness. The credibility of witnesses is a matter for the jury in each case to consider after proper instruction from the trial judge.[1] The record shows that the trial judge gave the jury a proper instruction upon the credibility of witnesses and we must assume that the jury made a determination of witness Logan's credibility, but it was adverse to appellant's contentions.

It is appropriate to add that we have carefully reviewed the entire trial record and conclude that appellant was afforded a fair and impartial trial notwithstanding the outcome.

Affirmed.

1. United States v. Hoffa, 6 Cir., 349 F.2d 20, 38; Bragg v. United States, 10 Cir., 330 F.2d 44; Corbin v. United States, 10 Cir., 253 F.2d 646.