**UNITED STATES** of America ex rel. **Russell FORD, Petitioner,**

v.

**Howard YEAGER, Warden, New Jersey State Prison, Respondent.**

Civ. No. 721–67.

United States District Court
D. New Jersey.
March 28, 1968.

Russell Ford, petitioner pro se.

Michael R. Imbriani, Pros., Somerset County, by Raymond Trombadore, Asst. Pros., for respondent.

## MEMORANDUM and ORDER

SHAW, District Judge.

This is an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c) (3). Two previous applications to this Court for the writ were denied because of the failure of petitioner to exhaust State remedies. Civil Action 483–65 and Civil Action 1125–65.

Petitioner was charged in five indictments in the Somerset County Court with armed robbery in violation of N.J. S.A. 2A:141–1[1] and 2A:151–5[2]. He was further charged by indictment as an habitual offender as defined by N.J.S.A. 2A:85–12[3] and 13[4]. A plea of *non vult* was entered to each of the indictments which had been consolidated for

1. N.J.S.A. 2A:141–1. Robbery; penalty
Any person who forcibly takes from the person of another, money or personal goods and chattels, of any value whatever, by violence or putting him in fear, is guilty of a high misdemeanor and shall be punished by a fine of not more than $5,000, or by imprisonment for not more than 15 years, or both.

2. N.J.S.A. 2A:151–5. Additional sentence for armed criminals
Any person who commits or attempts to commit an assault, robbery, larceny, burglary, or breaking and entering, when armed with or having in his possession any machine gun, automatic rifle, revolver, pistol or other firearm, or other instrument of any kind known as a blackjack, slung shot, billy, sandclub, sandbag, bludgeon, metal knuckles, dagger, dirk, dangerous knife, stiletto, bomb or other high explosive, shall, in addition to the punishment provided for the crime, be punished on a first conviction by imprisonment for not more than 5 years; upon a second conviction by imprisonment for not more than 10 years; upon a third conviction by imprisonment for not more than 15 years; and upon a fourth or subsequent conviction, by imprisonment for not more than 20 years or for life, in the discretion of the court. No such additional punishment shall be imposed unless the indictment shall have averred that the person was armed with or had in his possession any such instrument and conviction was had thereon.

3. N.J.S.A. 2A:85–12. Habitual criminals; fourth offense; life sentence to be imposed
Any person convicted on 3 separate occasions of high misdemeanors in this state, or of crimes under the laws of the United States or any other state or country, which crimes would be high misdemeanors under the laws of this state, or whose convictions for such offenses in this state or under the laws of the United States or any other state or country shall total 3 or more, and who thereafter is convicted of an offense enumerated in this subtitle, is hereby declared to be an habitual criminal, and the court in which such fourth or subsequent conviction is had, shall impose a life sentence in the state prison upon the person so convicted.
Conviction of 2 or more of such crimes or high misdemeanors charged in 1 indictment or accusation, or in 2 or more indictments or accusations consolidated for trial shall be deemed to be only 1 conviction.

4. N.J.S.A. 2A:85–13. Procedure on sentencing repeating offenders
If at any time, before sentence, it shall appear that a person convicted of a high misdemeanor has previously been convicted as set forth either in Sections 2A:85–8, 2A:85–9 or 2A:85–12 of this title, it shall be the duty of the prosecutor of the county in which such conviction was had, to file an accusation accusing the said person of such previous convictions. Whereupon, the court in which such conviction was had, shall cause the said person to be brought before it and shall inform him of the allegations contained in such accusation and of his right to be tried as to the truth thereof, and shall require such offender to plead to the accusation. If such offender refuses to plead or remains silent or pleads not guilty, a not guilty plea shall be entered and a jury shall be impanelled to inquire whether the offender is guilty as outlined in sections 2A:85–8, 2A:85–9 and 2A:85–12 of this title, respectively.
If the jury finds the offender guilty or if he pleads guilty or non vult the court shall sentence him to the punishment prescribed in sections 2A:85–8, 2A:85–9 and 2A:85–12, as the case may be. The allegation shall be filed before the defendant is sentenced.

trial. See N.J.S.A. 2A:85-8 [5] and N.J.S.A. 2A:85-9 [6] for effect. On December 7, 1952, petitioner was sentenced to life imprisonment under the habitual offender statute. N.J.S.A. 2A:85-12.

On January 6, 1965, two prior 1938 convictions of petitioner were vacated due to the fact that at the time thereof he was not represented by counsel. Thereafter, on July 25, 1965, petitioner's habitual offender conviction was vacated on the ground that the voiding of the prior convictions destroyed the validity of the sentence as an habitual offender. Petitioner was then returned to the trial court for resentencing. He was sentenced to serve a term of imprisonment of 5 to 7 years on each of the robbery indictments, to run consecutively, making an aggregate sentence of 25 to 35 years. Subsequently this aggregate term was reduced to 20 to 28 years.

Parenthetically it may be noted that terms of imprisonment aggregating 5 to 10 years were also imposed for the commission of the robberies while armed but since these terms of imprisonment were to be served concurrently with the above mentioned consecutive terms, they are not material to the claim for relief made here.

Petitioner appealed from his convictions in the Somerset County Court upon resentencing and the Superior Court of New Jersey, Appellate Division, affirmed the sentences except, as is above noted, the aggregate term of imprisonment was reduced to 20 to 28 years by vacating one of the armed robbery sentences because the offense charged was encompassed within one of the other indictments upon which he was sentenced for robbery. State v. Ford, 92 N.J.Super. 356, 223 A.2d 502 (App.Div.1966). Certification was denied by the New Jersey Supreme Court on April 18, 1967. Petitioner has exhausted his State remedies.

The detailed arguments of petitioner may be distilled into two basic substantive contentions: (1) Since 13 years had elapsed prior to resentencing, he had been denied the right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution, made applicable to the States by the Fourteenth Amendment. (2) Assuming that the court could resentence him after a lapse of 13 years from the date of his pleas of guilty, the court could not impose more than a single sentence on the consolidated indictments, the maximum of which would be 15 years of imprisonment, service of which had been completed at the time of resentencing by allowance of earned credits [7].

---

5. N.J.S.A. 2A:85-8. Second offense; punishment

   Any person convicted of a high misdemeanor under the laws of this state, or of a crime under the laws of the United States or any other state or country, which crime would be a high misdemeanor under the laws of this state, and who thereafter is convicted of an offense enumerated in this subtitle, may be sentenced to imprisonment in the state prison for not more than double the maximum period for which he might have been sentenced for a first offense. Conviction of 2 or more of such crimes or high misdemeanors charged in 1 indictment or accusation, or in 2 or more indictments or accusations consolidated for trial shall be deemed to be only 1 conviction.

6. N.J.S.A. 2A:85-9. Third offense; punishment

   Any person twice convicted of high misdemeanors under the laws of this state, or of crimes under the laws of the United States or any other state or country, which crimes would be high misdemeanors under the laws of this state, and who thereafter is convicted of an offense enumerated in this subtitle, may be sentenced to imprisonment in the state prison for not more than three times the maximum period for which he might have been sentenced for a first offense. Conviction of 2 or more of such crimes or high misdemeanors charged in 1 indictment or accusation, or in 2 or more indictments or accusations consolidated for trial shall be deemed to be only 1 conviction.

7. Alleged credits against sentence are 130 days in the county jail prior to entry of pleas of guilty in 1952; 4,918 days commutation time; and 466 days work time.

It has been established that the right to a speedy trial applies to the States through the due process provision of the Fourteenth Amendment to the Constitution. Klopfer v. State of North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). Sentence, being the final judgment of conviction, is part of the trial. See Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957). Unreasonable delay in sentencing violates the right to a speedy trial as guaranteed by the Sixth Amendment and made applicable to the States by the Fourteenth Amendment. See U. S. ex rel. Giovengo v. Maroney, 194 F.Supp. 154 (W.D.Pa. 1961); Smoker v. Russell, 218 F.Supp. 899 (M.D.Pa.1963); Miller v. Rodriguez, 373 F.2d 26 (10th Cir. 1967).

The precise question presented is whether delay in sentencing was unreasonable. Petitioner was sentenced promptly after it was determined that the initial sentence of life imprisonment was invalid. The facts in this case are not analogous to those in Klopfer, supra, where the State court permitted a "nolle prosequi" with leave to the prosecutor to move the indictment when and if he ever chose to do so. In that case there was, as the Supreme Court stated, "an unjustified postponement of trial for an accused discharged from custody." Id. at 219, 87 S.Ct. at 991. Mere delay, in and of itself, of the disposition of a criminal indictment does not provide a ground to attack the validity of a conviction under the Sixth Amendment, but "[t]he delay must not be purposeful or oppressive." Pollard v. United States, supra, at p. 361, 77 S.Ct. at p. 486. Where it is accidental and promptly remedied when discovered, there is no ground for complaint. Such is the situation in this case. In the case of Miller v. Rodriguez, supra, there was a delay of six years before correction of sentence and the court in that case stated:

The mere correction of a sentence promptly after it is discovered that the original sentence, imposed six years earlier, was erroneous does not support the constitutional burden. * * * The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner." Id., 373 F.2d at 28.

Cases where the courts have denounced delay as unconstitutional, illustrated by Klopfer v. State of North Carolina, supra; U. S. ex rel. Giovengo v. Maroney, supra; and Smoker v. Russell, supra, are those where *the delay was deliberate* and in the face of requests by a defendant that he have ultimate and final disposition of a charge by indictment pending against him. In *Giovengo,* supra, the Court stated at page 156 of 194 F.Supp.:

We feel that before a Court could find that a state prisoner's rights to a speedy trial have been violated and, hence, a violation of the Fourteenth Amendment of the Constitution, we would have to find that he has requested a trial, and that a speedy trial has been denied, and that this has been *prejudicial* to his rights.

See also the concurring opinion of Mr. Justice Harlan in *Klopfer,* supra, where he would construe deliberate delay in terminating a prosecution as a violation of the principle of fundamental fairness assured by the Due Process Clause of the Fourteenth Amendment. In this case the error in sentence under the Habitual Offender Act was corrected as soon as it was discovered and no basic fundamental right of petitioner was prejudiced by such action.

There is, however, another aspect to the argument advanced by petitioner. He suggests that he *never* was sentenced on the robbery indictments until 1965 and that having left these open during a period of 13 years, the State was precluded from imposing any sentence on

This computation is based upon an undated copy of a letter of the Classification Officer of the New Jersey State Prison set forth in petitioner's appendix.

them. The sentence imposed in 1952 reads as follows:

> By virtue of his pleas of Non Vult, it is Ordered and Adjudged that the defendant is guilty of the respective offenses of Armed Robbery, in Violation of the provisions of N.J.Statute 2A:141-1 and 2A:151-5, charged against him in the several Indictments Nos. 6724, 6724A, 6724B, 6724C, 6724D, and is convicted of each of the said several offenses.
>
> By virtue of his plea of Non Vult, it is Ordered and Adjudged that the defendant is guilty of being an Habitual Criminal, as defined in N.J.Statute 2A:85-12, charged against him in Accusation No. 4366 and is guilty of being such an Habitual Criminal.
>
> On the aforesaid several convictions, the defendant, having been adjudged an Habitual Criminal, is sentenced to imprisonment for life in the N. J. State Prison, pursuant to the provisions of N.J.Statute 2A:85-12 and 13.

█ It is clear that the single sentence of life imprisonment imposed contemplated disposition and did dispose of the five robbery indictments. The fact that this sentence was later found to be erroneous reopened the matter of sentencing in toto. This point was carefully considered in State v. Ford, supra, where the court in its opinion stated:

> The original 1952 life sentence lost all vitality when defendant was successful in causing its vacation in his post-conviction proceeding under R.R. 3:10A. That rule required a correction of the invalid sentence. R.R. 3:10A-12. We may not speculate what the original sentencing judge might have done if the mandatory life sentence had not been imposed. When that sentence fell, the duty of the resentencing judge was to sentence defendant anew. State v. Minter, 55 N.J.Super. 562, 151 A.2d 400 (App. Div.1959). Any "attempt to divide the original sentence into two parts, one valid and the other invalid, smacks

of the metaphysical." Id., at p. 567, 151 A.2d at p. 402. The original sentence having become improper in the light of subsequent events, it was completely inoperative. State v. Culver, 23 N.J. 495, 129 A.2d 715 (1957); N.J.S. 2A:3-4, N.J.S.A.

█ Sentencing on the robbery indictments merged into the single sentence imposed under the Habitual Offender Act and when it became known that the sentence was invalid, the entire disposition of the multiple indictments by the single sentence of life imprisonment was likewise invalid and subject to correction.

█ The contention of petitioner that there could not be a valid resentence of imprisonment on the consolidated indictments for more than a single offense of robbery is also without merit. For purposes of application of the multiple offender statutes, two or more crimes charged in one indictment, or two or more indictments consolidated for trial, "shall be deemed to be only 1 conviction." See N.J.S.A. 2A:85-12; N.J.S.A. 2A:85-8; N.J.S.A. 2A:85-9. There is no statutory authority for the proposition that consolidation of separate and distinct offenses for purposes of trial precludes sentencing on each offense of which a defendant is convicted.

Since the aggregate term of imprisonment of 20 to 28 years by the consecutive sentences imposed on four indictments was within the statutory limits of penalty, there is no merit to petitioner's argument that he has served the maximum term of imprisonment which could be imposed and, therefore, he is eligible for immediate release.

For the reasons stated the Court concludes that the petition filed herein should be dismissed and that there is no meritorious ground for appeal which would warrant the issuance of a certificate of probable cause.

Now, therefore, it is on this 28th day of March, 1968, ORDERED that the petition of petitioner filed herein be and

the same is hereby dismissed with prejudice and without costs.

Further ORDERED that the following shall be marked as exhibits designated as follows:

C-1 Brief and Appendix for Appellant on Appeal from Judgment of Somerset County Court.

C-2 Brief for the State of New Jersey on Appeal from Judgment of the Somerset County Court.

C-3 Copy of letter of Eugene T. Urbaniak, Deputy Attorney General, addressed to petitioner and dated March 25, 1968, relating to the withholding of institutional wages.