**Harold CUNNINGHAM, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 21450.**

United States Court of Appeals District of Columbia Circuit.

Argued June 28, 1968.

Decided Feb. 19, 1969.

---

Mr. Charles J. Pilzer, Washington, D. C. (appointed by this court) for appellant.

Mr. Daniel J. Givelber, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before McGOWAN, TAMM and ROBINSON, Circuit Judges.

PER CURIAM:

This appeal was consolidated for hearing with three others from convictions for carnal knowledge of a 13-year old girl. The other appeals have heretofore been disposed of,[1] but this appeal was one of several involving identification testimony which was held for consideration in the light of our *en banc* determinations in Clemons v. United States (and its two companion cases), 133 U.S.App. D.C. ——, 408 F.2d 1230 (decided December 6, 1968).

We distinguished this appellant, Harold Cunningham, from appellants Anthony Cunningham and Kenneth Coombs, whose convictions we have heretofore affirmed, because there was no evidence of a pretrial identification in respect of them except a police lineup in the case of Anthony Cunningham. In the case of Harold Cunningham, however, cross-examination developed the circumstance that, although a lineup had been held in the next room for other alleged assailants of the victim, Harold Cunningham was exhibited alone, sitting in the Sex Squad office. No explanation has been tendered by the Government of this apparent difference in treatment; and it is argued to us by appellant that this one-man showup does not comport with due process.[2]

We have considered carefully the question of whether we may, as in *Clemons,* find in the record before us an independent source for the in-court identification, thereby dispensing with the need for a remand. The victim's testimony was strong in respect of the opportunity she had to observe appellant (which the crime by its very nature afforded her), and her notice of a distinctive scar on appellant's face. Her in-court identification was made with appellant sitting among the spectators rather than at the counsel table. She admitted to some hesitancy in identifying appellant at the police station, but subsequently explained this as due only to fright at having re-

---

1. The convictions in Anthony Cunningham v. United States (No. 21,447) and Coombs v. United States (No. 21,448) were affirmed July 30, 1968 in an unpublished opinion. On the same day and by the same means, Bumgardner v. United States (No. 21,449) was reversed because of the insufficiency of the proof of Bumgardner's actual participation in the rape.

2. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *and see* United States v. Wade, 388 U.S. 218 (1967); Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed. 1178 (1967). These cases, all decided on June 12, 1967, came long after the alleged rape and appellant's pretrial identification, which took place in 1965. The trial itself, however, occurred some six weeks after these cases came down. There was no *Stovall* objection made to the in-court identification, nor was any *Stovall* inquiry as such requested.

ceived a threat not to identify her assailants. She did show a capacity to discriminate between those exhibited to her, identifying some and not others; and there was independent testimony placing appellant at the scene of the attack. Under these circumstances we think there was no "very substantial likelihood of irreparable misidentification," to use the Supreme Court's phrase in Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968), and that, accordingly, the conviction may be left undisturbed.

Affirmed.