**UNITED STATES of America,
Appellee,**

v.

**Virgil Franklin RYDER, Appellant.**

**No. 12246.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 9, 1969.

Decided April 29, 1969.

Tommy P. Baer, Richmond, Va. (Court-appointed counsel) for appellant.

Michael Morchower, Asst. U. S. Atty., (C. V. Spratley, Jr., U. S. Atty., on brief) for appellee.

Before BOREMAN, BRYAN and CRAVEN, Circuit Judges.

PER CURIAM:

On the morning of September 19, 1967, the First and Merchants National Bank of Petersburg, Virginia, was robbed by a woman gun bearer of approximately $2,500. The robber escaped in a Chevrolet Impala driven, according to the jury verdict, by Virgil Franklin Ryder. Ryder appeals his conviction and sentence under 18 U.S.C. § 2113(a), contending that pretrial identification procedures were so unfair as to deny him due process and the right of counsel, and further that the district judge's instructions to the jury on the question of identification were insufficient and erroneous.

■ Despite an exceptionally able presentation by counsel appointed on appeal, we think this appeal is wholly without merit, and affirm the judgment of the district court. Two customers of the bank were at the drive-in teller window when the robbery occurred. Both saw the driver of the getaway car, and one of them wrote down the license tag of the vehicle. No "lineup" or viewing of any sort was arranged by the government prior to the actual identification testimony at the preliminary hearing. There is no evidence whatever that identification was procured by impermissible suggestive activity on the part of government agents or law enforcement officers. Moreover, at the preliminary hearing the defendant was represented by counsel who then and there extensively cross-examined the identifying witness Newsom. The other identifying witness did not testify until the trial.

■ We have carefully examined the trial judge's instructions to the jury on the question of identification. We

**1350**

find them to be sufficient, although since the trial occurred we have suggested a more complete instruction. *See* United States v. Levi, 405 F.2d 380 (4th Cir. 1968).

Affirmed.