**William Charles MYERS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 36–69.**

United States Court of Appeals
Tenth Circuit.

Aug. 11, 1969.

Ray Tabet, Albuquerque, N.M., and Albin E. Danell, Los Altos, Cal., for appellant.

John A. Babington, Asst. U.S. Atty. (Ruth C. Streeter, U.S. Atty., with him on the brief), for appellee.

Before PHILLIPS, SETH and HICKEY, Circuit Judges.

SETH, Circuit Judge.

On April 24, 1968, a New Mexico State Police officer in Las Cruces, New Mexico, observed two young men with short military-style haircuts in a Volvo station wagon turn into a motel and to park. The appellant, who was a passenger in the car, emerged from the car, wearing fatigue pants, Marine Corps boots, and a sweater bearing the U.S.M.C. insignia. The officer then approached and inquired of them both together whether the two men were on leave, and they said that they were but were unable to produce leave orders. They then admitted being absent without leave from their Marine Corps unit and thereupon were arrested to be held for delivery to the custody of the military authorities. The codefendant driver of the car pled guilty to violating the Dyer Act, 18 U.S.C. § 2312. Appellant waived a grand jury, and his trial was first set for June 10, 1968. The trial date was later changed, and on September 27, 1968, at a trial before the court, appellant was found guilty of violating the Dyer Act and was sentenced under the Youth Corrections Act.

Appellant raises four contentions on appeal: (1) That his arrest was unlawful and that any evidence obtained from him thereafter was inadmissible; (2) that he was denied his Sixth Amendment right to a speedy trial; (3) that his conviction was based entirely on circumstantial evidence and cannot stand; and (4) that he was not mentally competent either at the time of the commission of the crime or at the time of his trial.

As to the arrest point, it must be held that it was neither unreasonable nor unlawful for the New Mexico State Police officer, when he observed two young men in military fatigues riding in a car with California plates, to investigate and inquire whether they had the proper leave orders. When they were unable to produce them and when they then volunteered the information that they were AWOL, the officer had the authority and the duty to arrest them. 10 U.S.C. §§ 807, 808 and 809 authorize civil law enforcement officers to apprehend members of the armed forces when absent without leave.

Almost identical points were raised in Sablowski v. United States, 403 F.2d 347 (10th Cir. 1968), and there similar statements were volunteered by the accused. The decision in Sablowski controls this case and answers the appellant's contentions on this point.

The appellant also raises the speedy trial issue, but an examination of the record shows this to be entirely without merit. Webber v. United States, 395 F.2d 397 (10th Cir. 1968); Miller v. Rodriguez, 373 F.2d 26 (10th Cir. 1967). Any continuance of consequence was requested by the appellant.

Appellant also contends that his conviction was based solely on circumstantial evidence and therefore cannot stand, but cites no authority for his position. There is no question but that a judgment and conviction based solely on circumstantial evidence cannot be objected to on that ground alone. Phillips v. United States, 406 F.2d 599 (10th Cir.

1969); Williams v. United States, 371 F.2d 141 (10th Cir. 1967); Jenkins v. United States, 361 F.2d 615 (10th Cir. 1966). In any event the record contains direct evidence on the theft of the car and the fact appellant was a passenger.

Considering appellant's fourth contention that he was not competent at the time of the commission of the crime and at trial, we note that the District Court requested a psychiatric examination of the appellant upon the suggestion of appellant's attorney, and thereafter reviewed the examining psychiatrist's report. The report stated that the appellant, although suffering from a personality disorder, was mentally competent at both the time of the crime and at the time he was being examined. At the trial the court specifically inquired of the same examining psychiatrist whether the appellant was responsible for his conduct, to which the psychiatrist responded in the affirmative. This inquiry was couched in language taken directly from Wion v. United States, 325 F.2d 420 (10th Cir. 1963).

The judgment of the District Court is affirmed.