**Tommy Don HASKINS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 660-69.**

United States Court of Appeals, Tenth Circuit.

Oct. 23, 1970.

Michael Norman, of Norman & Wheeler, Muskogee, Okl., for appellant.

Robert D. McDonald, Asst. U. S. Atty., Muskogee, Okl. (Richard A. Pyle, U. S. Atty., Muskogee, Okl., on the brief), for appellee.

Before HILL and SETH, Circuit Judges, and THEIS, District Judge.

HILL, Circuit Judge.

This is a direct appeal from a jury conviction for violation of 18 U.S.C. § 2312, illegal interstate transportation of a stolen vehicle. There are four errors urged on appeal: (1) That the pre-trial and in-court identifications of Haskins by the owner of the vehicle violated the due process rights of appellant; (2) because the car owner was physically and emotionally exhausted, a positive identification of the thief was impossible; (3) the sentence imposed violated the constitutional rights of appellant; and (4) the trial court erred in failing to direct a judgment of acquittal on the basis of insufficient evidence.

Three witnesses testified for the prosecution. Harriss, the car owner, testified that on the afternoon of May 15, 1969, he observed someone taking his car from its parking place in Denison, Texas. After chasing the car for about sixty yards, he caught it as the driver waited for a traffic light to turn green. At that point, Harriss opened the right door, stuck his head inside to converse with the driver and started to get in. The driver, seeing the attempt, accelerated the car and caused Harriss to be knocked to the ground.

From his observations at the stoplight, Harriss described the driver as between 25 and 28 years of age, 5 feet 10 inches tall, wearing a sport shirt with the sleeves rolled above the elbow, and the driver had a tattoo on his right forearm. After Haskins was arrested, a preliminary hearing was conducted before the United States Commissioner. During that hearing, Harriss identified Haskins as the man he had seen behind the wheel of his car on May 15, 1969. At trial, Harriss made an in-court identification of the defendant and also related the earlier preliminary hearing identification.

As Harriss was sent sprawling to the ground, another Denison resident viewed the events and followed the car to a liquor store, where the thief apparently made a purchase. The driver was observed for ten or fifteen minutes but the local citizen could not make a positive in-court identification at trial.

The third witness was the Oklahoma highway patrolman who made the arrest at Colbert, Oklahoma, six miles from Denison, Texas, around 7:30 p.m., May 15, 1969. Trooper Squires testified that he observed a vehicle being recklessly driven so he stopped the auto which he then recognized as fitting the description of the stolen Denison car. He gave a physical description of the arrested party which coincided with that given by Harriss, including the tattoo on the right

forearm, and made an in-court identification of Haskins as the same person arrested May 15, 1969.

The defense presented two character witnesses and the defendant himself. On the stand Haskins stated that he was in Denison on the afternoon of May 15, 1969. As he was walking home to Cartwright, Oklahoma, he was given a ride to a bar in his home town where another man invited him to ride to Durant, Oklahoma. Some more drinking was done in a Durant bar and it was there that the other man told Haskins that the car he was driving was stolen. The man said he was going to catch a freight or hitchhike out of town. Appellant testified that he then became scared, so he drove the stolen vehicle to Colbert, Oklahoma, where he was going to call a lawyer just as the police pulled him over.

■ Appellant's first contention is phrased in the context of the right of an accused to a line-up prior to either a preliminary hearing or in-court identification. Initially we would dispel the idea that an accused is entitled to be identified from a line-up, as a matter of right. Neither United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), nor Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), nor Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed. 2d 1199 (1967) intended that construction.[1]

Because an in-court identification of Haskins was made by Harriss and since he did advert to the pre-trial identification, the constitutional validity of the two identifications is attacked on appeal on the basis of the *Wade* and *Stovall* decisions. Initially we note that the pretrial identification was not invalidated by the absence of counsel. Thus any infirmity in the procedures utilized must be based on the independent ground that the pre-trial and in-court identifications were "so unnecessarily suggestive and conducive to irreparable mistaken identification that * * * [appellant] was denied due process of law." Stovall v. Denno, 388 U.S. 293 at 302, 87 S.Ct. 1967 at 1972.

■ This argument is raised for the first time on appeal. At no time either before or during the trial did defense counsel interpose an objection to the method of identification. For good reason, appellate courts are hesitant to consider *Wade* or *Stovall* claims raised only at the appeal stage.[2] But at the same time, Rule 52(b), F.R.Crim.P., 18 U.S.C., requires us to exercise our discretion whether to notice "plain errors or defects affecting substantial rights" even when no objection is made at trial. Since we cannot say that improper identification procedures might not violate constitutional rights, it would be difficult to conclude that such rights are not "substantial," so we will consider them.

When the prosecution proposes to use an eyewitness identification as part of its case, the defense is entitled to know the circumstances of any pre-trial identification. If an in-court identification is intended, the defense may challenge its admissibility either before or during trial. On the basis of facts elicited out of the jury's presence, the court must rule whether the pre-trial identification

1. *See* United States v. Ryder, 409 F.2d 1349 (4th Cir. 1969); Marden v. Purdy, 409 F.2d 784 (5th Cir. 1969); Cunningham v. United States, 133 U.S.App.D.C. 133, 409 F.2d 168, 169 (1969); United States v. Lipowitz, 407 F.2d 597 (3d Cir. 1969); Caruso v. United States, 406 F.2d 558 (2d Cir. 1969).

2. In Solomon v. United States, 133 U.S. App.D.C. 103, 408 F.2d 1306, 1309 (1969), the D. C. Circuit suggests that "it would be better practice if District

Judges, when confronted by cases which appear to involve identification testimony, would on the record and out of the presence of the jury inquire of defense counsel whether they object on *Wade* or *Stovall* grounds to any identification which might be offered." This, of course, presupposes that objections from counsel have not been proffered. We agree that this could do much to avoid retrials, remand hearings, and hearings on motions collaterally attacking convictions.

abuses the defendant's due process rights. If a violation is found, then the court must proceed to decide whether the in-court identification is still admissible because it has an independent source.[3]

Since defense counsel did not challenge the pre-trial identification procedures in this case, no hearing was conducted to elucidate the facts surrounding that identification. A number of cases have held that identifications at preliminary hearings were not violative of due process, but the facts of those proceedings were before the reviewing courts.[4] We do not know what the conditions were at the preliminary hearing confrontation. Perhaps a ventilation of the circumstances surrounding that incident would produce a *Stovall* deficiency. But even if we assume such a defect, a remand is unnecessary here because the record before us provides an independent source for the in-court identification of such a nature as to dispel any substantial likelihood of mistaken identification.[5]

■ Harriss testified at trial that when he caught the automobile at the stoplight, he opened the door and stuck his head inside. At that time he could see the full features of the driver from his head downward. He described the man as about twenty-five to twenty-eight years old, five feet ten inches tall, dark headed and dressed in a sport shirt with the sleeves rolled above the elbow. He also noticed a tattoo on the man's right forearm. In addition, a positive identification was made at the preliminary hearing. The description fully matches that given by the Oklahoma patrolman of Haskins at the time of arrest. We are convinced that Harriss' precise description, corroborated by the patrolman, dissipates any substantial likelihood of mistaken identification.

■ As to appellant's second and third arguments, the following brief reference to the law of this Circuit will suffice. We have held on a number of occasions that the credibility of witnesses is a matter for the jury in each case to consider after proper instructions from the trial judge. McCarty v. United States, 409 F.2d 793 (10th Cir. 1969); Deaton v. United States, 383 F.2d 379 (10th Cir. 1967); Williams v. United States, 371 F.2d 141 (10th Cir. 1967). No objection was tendered to the instructions and they were proper. Next, it is elementary that ordinarily a sentence will not be disturbed on appeal nor considered as cruel and unusual punishment if it is within statutory limits. Andrus v. Turner, 421 F.2d 290 (10th Cir. 1970); Little v. United States, 409 F.2d 1343 (10th Cir. 1969); Hall v. United States, 404 F.2d 1365 (10th Cir. 1969); Cooper v. United States, 403 F.2d 71 (10th Cir. 1968). The sentence was within the confines of the statute and we will not disturb it.

On his fourth proposition, appellant argues that the evidence failed to prove that the vehicle was transported in interstate commerce and that such transportation was with knowledge that the vehicle was stolen. To determine the sufficiency of the evidence, we look to see if there is direct and circumstantial evidence, along with all reasonably drawn inferences, upon which a guilty verdict could rest.[6]

---

3. Clemons v. United States, 133 U.S.App. D.C. 27, 408 F.2d 1230 (1968), proposes this analysis of the Wade-Gilbert-Stovall trilogy.

4. United States v. Ryder, 409 F.2d 1349 (4th Cir. 1969); United States v. Davis, 407 F.2d 846 (4th Cir. 1969); United States v. Lipowitz, 407 F.2d 597 (3d Cir. 1969). *See* Dade v. United States, 132 U.S.App.D.C. 229, 407 F.2d 692 (1968).

5. Davida v. United States, 422 F.2d 528 (10th Cir. 1970); United States v.

Broadhead, 413 F.2d 1351 (7th Cir. 1969); Williams v. United States, 133 U.S.App.D.C. 185, 409 F.2d 471 (1969); Clemons v. United States, 133 U.S.App. D.C. 27, 408 F.2d 1230 (1968).

6. Havelock v. United States, 427 F.2d 987 (10th Cir. 1970); Lewis v. United States, 420 F.2d 1089 (10th Cir. 1970); United States v. Bourassa, 411 F.2d 69 (10th Cir. 1969).

In that posture, the evidence reflects the following. The vehicle was taken from a parking lot in Denison, Texas.

About three hours later, Haskins was arrested while in possession of the stolen automobile in Colbert, Oklahoma. We have stated on numerous occasions that where it is proved that the accused has in his possession a vehicle recently stolen in another state, and absent a satisfactory explanation, the inference is sustained that the accused knew the vehicle was stolen and that he transported it in interstate commerce.[7] The explanation for appellant's possession in this case stretches our credulity and obviously had the same effect on the jury. The evidence was sufficient to sustain the conviction.

Affirmed.

---

7. Rogers v. United States, 416 F.2d 926 (10th Cir. 1969); Fish v. United States, 371 F.2d 438 (10th Cir. 1967); Williams v. United States, 371 F.2d 141 (10th Cir. 1967); Gregory v. United States, 364 F.2d 210 (10th Cir. 1966).