James Patrick WRIGHT, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17637.

Court of Criminal Appeals of Oklahoma.

Aug. 23, 1972.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

BUSSEY, Presiding Judge:

Appellant, James Patrick Wright, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Oklahoma, for the offense of Unlawful Distribution of a Controlled Dangerous Substance; his punishment was fixed at ten (10) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Officer Taylor testified that on September 27, 1971, he was working as an undercover agent with the Oklahoma City Police Department. On the evening in question, he and Agent Huey went to the Zig Zag Club in Oklahoma City. Upon entering, they were approached by the defendant who asked them if they would like to buy some marijuana. They followed the defendant outside where the defendant removed a plastic bag of green substance from the glove compartment of a car and sold it to them for Ten Dollars ($10.00). Defendant told the officers that

he had several pounds of marijuana at his residence which he would sell for Sixty-five Dollars ($65.00) a pound. They turned the bag to Detectives Neal and Lovett at the Oklahoma Crime Bureau. Officer Taylor further testified that he did not remember a cast on the defendant's arm.

Tom Huey's testimony did not differ substantially from that of the witness Taylor.

John McAuliffe testified that he was employed as a chemist with the Oklahoma State Bureau of Investigation. He tested the contents of the exhibit and in his opinion the same contained marijuana.

Detective Neal testified that he received the exhibit on September 27, from Officers Taylor and Huey and subsequently delivered it to the State Chemist.

The defendant testified that on September 27, 1971, he had a broken left hand and was wearing a cast. He testified that he broke the hand the latter part of August and that the cast was put on at the University Hospital. He testified that he wore the cast until the middle of October, when it was removed by a friend. He testified that he did not sell marijuana to the officers. After his arrest, he was being booked in at the City Jail and encountered Officer Huey. Huey was asked, "Is this the guy?" to which he replied, "No, that's not him." (Tr. 39)

Patrick Power testified that he operated a rental store and that on April 30, 1971, he rented some merchandise to the defendant. He went to defendant's house to try to collect from him and finally observed him either September 29 or 30. Defendant came to the store on October 6, and on either that date or the September date, the defendant was wearing a cast on his arm. He testified on cross-examination that he had also seen the defendant on earlier occasions and it was possible that defendant was wearing the cast on one of the earlier occasions although to the best of his memory, it was the latter part of September or the sixth of October.

In rebuttal, Jimmy Scott testified that he was the custodian of medical records at the University Hospital. He identified a medical record of the defendant which reflected that the defendant was treated for a broken hand and a case was applied on July 10, 1971.

■ The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805.

■ The final proposition contends that the punishment is excessive. We have previously held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each case and that this Court does not have the power to modify a sentence unless we can conscientiously say that under all facts and circumstances, the sentence is so excessive as to shock the conscience of the Court. Roberts v. State, Okl.Cr., 473 P.2d 264. From the foregoing statement of facts, we cannot conscientiously say that the punishment, although the maximum, shocks the conscience of this Court.

The judgment and sentence is accordingly affirmed.

SIMMS, and BRETT, JJ., concur.