Tommy Laverne **PICKETT**, Appellant,

v.

**The STATE of Oklahoma, Appellee.**

No. A–18133.

Court of Criminal Appeals of Oklahoma.

Aug. 20, 1973.

Rehearing Denied Sept. 10, 1973.

N. Martin Stringer, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., for appellee.

OPINION

BLISS, Presiding Judge:

Appellant, Tommy Laverne Pickett, hereinafter referred to as defendant, was charged and entered pleas of guilty in the District Court of Oklahoma County, to the following charges: Case No. CRF–72–1915, the offense of Robbery with Firearms, and sentenced to a term of forty (40) years imprisonment; Case No. CRF–72–1916, the offense of Robbery with Firearms, and sentenced to a term of forty (40) years imprisonment; Case No. CRF–72–1917, the offense of Assault with a Deadly Weapon with Intent to Kill, and sentenced to a term of twenty (20) years imprisonment; Case No. CRM–72–1449, the offense of Possession of Marijuana, and sentenced to a term of one (1) year in the county jail, all sentences to run consecutively. From said judgments and sentences, the defendant timely filed his petition for Writ of Certiorari, same being granted on June 5, 1973.

The defendant's sole proposition of error asserts that the sentences imposed on him were excessive.

Suffice it to say that the sentences imposed in all four cases are within the statutory limits. Further, we cannot conscientiously say that under all the facts

and circumstances the sentences imposed shock the conscience of this Court. In the case of Fields v. State, Okl.Cr., 501 P.2d 1390 (1972), this Court stated at page 1393 of the opinion:

"These precedents lead us to adopt the holding expressed in Haskins v. United States, 433 F.2d 836 (10th Circuit, 1970); that a sentence will not be disturbed on appeal nor considered as cruel and unusual punishment if it is within the statutory limits."

Also, see Wright v. State, Okl.Cr., 500 P.2d 868 (1972).

 Further, we have carefully reviewed the record in the instant case and find that the defendant entered a free and voluntary plea to all four charges; that the defendant was of competent intelligence and was advised of his legal rights and the nature and consequences of his plea. See Dunn v. State, Okl.Cr., 488 P.2d 606 (1971).

It is therefore our opinion that the judgments and sentences in Case Nos. CRF–72–1915, CRF–72–1916, CRF–72–1971 and CRM–72–1449 should be, and the same are hereby, affirmed.

BUSSEY, J., concurs.

BRETT, J., concurs in part, and dissents in part.

BRETT, Judge (concurs in part and dissents in part):

I concur that the plea of guilty to the charges against defendant should be affirmed, but I dissent to the excessive sentences imposed. Admittedly the sentences are less than the prosecutor recommended, but nonetheless I cannot subscribe to the majority opinion which states, "[W]e cannot conscientiously say that under all the facts and circumstances the sentences imposed shock the conscience of this Court." The excessiveness of these sentences shocks my conscience.

It is interesting to note that the prosecutor, Ms. Hirst stated to the court, after recommending two ninety nine year sentences, one twenty year sentence, and a one year sentence all to run consecutively, "We believe that this man should be removed from society for a long period of time, *long enough to assure that his attitudes have improved,* that he can now respect the laws of this community, and to protect the community from him, and him from himself." (Emphasis added.) There can be no doubt but that defendant's attitudes would be changed after serving the recommended sentence, as well as the total of 101 years imposed and approved by this Court, even if they are not improved.

I believe defense counsel's argument to the court contained merit for consideration. Defendant, a Viet Nam veteran, who became a narcotics user during his service in Viet Nam, and who was under the influence of marijuana when these offenses were committed, has been "bashed in the face" by the court. Somewhere, or somehow, these victims of society's actions should be provided some assistance in finding relief for their faults. But it is obvious such relief will not be found in the courts.

I dissent to the sentences imposed, as being excessive.