**Earl Robert HALL, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 9958.**

United States Court of Appeals
Tenth Circuit.

Jan. 8, 1969.

Howard F. Heffron, Oklahoma City, Okl., for appellant.

David A. Kline, Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., with him on the brief), for appellee.

Before MURRAH, Chief Judge, and HICKEY and HOLLOWAY, Circuit Judges.

MURRAH, Chief Judge.

Earl Robert Hall was found guilty by a jury verdict on a charge of using a deadly weapon in a forcible assault on a federal officer in violation of 18 U.S.C. § 111. He appeals from a ten year sentence alleging insufficiency of the evidence to show that a deadly weapon was used to assault a federal officer and bias on the part of the trial judge in the imposition of the sentence.

The basic facts are undisputed. On the evening in question Special Agent Robert E. Hutchings of the Federal Bureau of Investigation accompanied by Lt. Francis Watkins, a police officer of the City of Chickasha, Oklahoma, went to a college campus located in Chickasha to interview Hall who was returning his date to her dormitory. When Hall arrived with his date Hutchings accosted him, identified himself and told him that he wished to interview him concerning a matter then under investigation. Hall, followed by Hutchings, escorted his date to her dormitory door. After the young lady entered her dormitory Hall turned and attacked Hutchings. State Officer Watkins had parked his car and was approaching the door as Hall attacked Hutchings and immediately went to Hutchings assistance. A struggle ensued.

During the struggle Hall in some way got Watkins' gun and threatened to shoot unless he was released. The testimony on this by Hutchings and Watkins is not the same. Hutchings testified "I recall

Hall stating, 'Let me up, or I will shoot',"
while Watkins' version was that Hall
said "Turn me loose, or I'll kill him."
Watkins further testified that immediately after this statement the gun hit him
in the stomach, he reached down and
moved the gun away from him and it was
discharged. Neither officer was hit.
Throughout this portion of the struggle
Hall held the gun. Counsel for Hall
rather ingeniously argues that the trial
court erred in submitting to the jury
the issue of assault on a federal officer
with a deadly weapon. The argument is
that the government's evidence at most
shows that the assault with a deadly
weapon was committed on Watkins—a
state officer—not the federal agent, and
in no event was the evidence sufficient
to justify a jury finding that the assault
with a dangerous weapon was committed
on the federal officer.

The applicable statute provides, in substance and effect, that whoever in the
commission of a forcible assault upon any
statutorily designated person (including
Special Agents of the FBI) "uses a
deadly or dangerous weapon" shall be
punished as provided in the Act, 18 U.S.
C. § 111.

In its instructions to the jury the court
abstractly defined assault as any "intentional display of force such as to place
the victim in reasonable apprehension of
immediate bodily harm." The jury was
then abstractly instructed that "A person who in fact has the present ability
to inflict bodily harm upon another by
the use of a dangerous weapon, and willfully threatens or attempts to inflict
bodily harm upon such person, may be
found guilty of forcibly assaulting such
person with a dangerous weapon." No
objections were made to these instructions and nowhere in the record did counsel urge his present argument to the trial
court. Nor are we referred to any case
to the effect that the threat to use the

dangerous weapon is an essential ingredient of the offense charged.

The evidence is entirely sufficient to support the findings implicit in
the verdict that Hall forcibly assaulted
Hutchings; that Hall had in his possession a deadly or dangerous weapon; and
that he used it, i. e. he discharged it, and
in doing so he attempted to inflict bodily
harm upon the person assaulted, i. e.
Hutchings.[1]

Hall next complains that the
10 year sentence was prompted by "deep
seated passion and prejudice" on the part
of the trial judge. As evidence of this
bias he points to the court's comments
when commending the jury on its verdict:

> "I think you have rendered a very wise
> verdict in this case. I think both these
> officers would be dead today, if it were
> not for the luck of these policemen
> grabbing that gun, and I commend
> you, I admire you for reaching the
> verdict you have reached."

Of course, impartiality on the part of
judge and jury is the goal and rule of
our judicial system. But there is certainly nothing improper in these remarks
and statements when made after the
jury returned its verdict. They merely
characterize the judge's view of the seriousness of the offense and the culpability
of the offender. If they have any significance, they go only to the reasons
for the sentence which the court subsequently imposed. The sentence was
within the limits of the statute and it
is invulnerable to attack here. Cooper
v. United States, 403 F.2d 71 (10th Cir.
1968); Smith v. United States, 273
F.2d 462 (10th Cir. 1959), cert. den.
363 U.S. 846, 80 S.Ct. 1619, 4 L.Ed.2d
1729.

Judgment affirmed.

---

1. Cf. United States v. Heliczer, 373 F.2d 241 (2nd Cir. 1967) cert. den. 388 U.S. 917, 87 S.
Ct. 2133, 18 L.Ed.2d 1359.