**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Samuel Balter GALOOB,
Defendant-Appellant.**

**No. 76–1973.**

United States Court of Appeals,
Tenth Circuit.

Submitted Jan. 27, 1978.

Decided April 10, 1978.

Rehearing Denied May 5, 1978.

1168

Daniel C. Hale, of Miller & Gray, Boulder, Colo., for defendant-appellant.

Joseph F. Dolan, U. S. Atty. (Cathlin Donnell, U. S. Atty. (Interim), and Rod W. Snow, Asst. U. S. Atty., Denver, Colo., on the brief), for plaintiff-appellee.

Before McWILLIAMS, BARRETT and McKAY, Circuit Judges.

BARRETT, Circuit Judge.

Samuel Balter Galoob (Galoob) appeals the denial of his motion for reduction of sentence filed pursuant to Fed.Rules Cr. Proc. rule 35, 18 U.S.C.A.[1]

Galoob was indicted with several other persons charged with unlawful distribution of cocaine in violation of 21 U.S.C.A. § 841(a)(1) and 18 U.S.C.A. § 2. Galoob entered a plea of "not guilty." and proceeded to trial. On the second day of his trial, Galoob changed his plea to guilty. At the sentencing hearing the trial court observed:

> THE COURT: . . . This is in my view a rather substantial drug transaction. It is one that was entered into by

1. Rule 35 provides:

The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed, . . .

men who have good minds, good backgrounds, and it was entered into for a profit. It is the type of offense in which a deterrent is an essential element if we are going to enforce the laws of this country. . . .

Accordingly, as to each of the defendants it is the judgment and sentence of the court that each of them be . . . imprisoned for a period of five years, provided, however, that this sentence is imposed under the provisions of 18 U.S. C.A. § 4208(a)(2). [R., Vol. I, p. 13.]

18 U.S.C.A. § 4208(a)(2) provides:

. . . the court may fix the maximum sentence of imprisonment to be served in which event the court may specify that the *prisoner may become eligible for parole at such time as the board of parole may determine.* (Emphasis supplied.)

Galoob was sentenced April 23, 1976 to a term of five (5) years imprisonment and he thereafter commenced serving that term.

On August 3, 1976, Galoob was afforded a hearing before the United States Parole Commission (Commission). During the course of the hearing it was developed that Galoob's incarceration was predicated on his participation, with others, in the distribution (sale) of approximately two pounds of cocaine to undercover agents for $48,000; that at the time of the sale Galoob had discussed flying with one of the agents to Mexico to get some marijuana in the near future, which plan was aborted by his arrest; that Galoob was convicted of a felony in 1973, for which he was fined following his arrest in a vehicle containing 193 pounds of marijuana; that at the time of his arrest herein for distributing cocaine he was confronted with financial problems in meeting support obligations on behalf of his child living with his ex-wife and his common-law wife; that Galoob used marijuana on a regular basis, LSD a few times, and cocaine about 50 times; that under the Commission's salient factor score for parole prognosis Galoob received an 8 which was considered "good"; that Galoob's crime of distributing cocaine had an offense characteristic of "very high" under the Commission's

rules and regulations; that when the "good" salient factor score of 8 was related to the "very high" offense characteristic Galoob's probable total time to be served before release would be 36 to 45 months; and that Galoob would remain in prison until he had served one-third of his term at which time he would receive another hearing. When Galoob indicated that he thought the Commission would consider giving him more favorable treatment because of his § 4208(a)(2) sentence, the parole examiner noted:

Q. The (a)(2) gets you a hearing, as soon as you're classified, the Board—or commission—has a policy that we'll not continue you beyond the one-third point in your sentence. Beyond that we try to treat all offenders similar in light of their background and offense behavior. We recognize that some judges scatter (a)(2) sentences like snowflakes in a snowstorm and other judges are very discriminating. We have no idea which judge is which unless the judge tell us in writing. So we try to treat offenders just as fairly as we know how.

A. Well, I figured, you know, the judge had, like, you know, personal contact with us for several days and that's why he had, you know, put that on there.

Q. The judge has not given us anything in writing though and there is a form for that purpose. And if he wants to give us that form stating that he feels certain things should be done in your case, we'll certainly recognize it, but he hasn't done it. [R., Vol. II, at 19.]

Thereafter Galoob filed a timely motion for reduction of sentence pursuant to Rule 35. He alleged, *inter alia*, that the facts "demonstrate that he will not receive serious and meaningful consideration for parole until well after expiration of one-third of his sentence contrary to the clear intent which led to the enactment of Section (a)(2) by Congress"; that the hearing of August 3, 1976 was not meaningful for him and did not "take into account the status of defendant's rehabilitation"; and that the net effect of the Commission's decision is to treat

him no differently than if he had been sentenced under 18 U.S.C.A. § 4208.

In denying Galoob's motion the trial court ruled that it could not interfere with the reasonable discretion of the Board of Parole. The Court observed that when Galoob was sentenced under Section 4208(a)(2), the section was read "to mean that the Board of Parole would treat prisoner sentenced under the statute differently from those sentenced under other statutes."

Within his motion for rehearing for sentence modification, Galoob argued that he was not asking the court to interfere with the discretion vested with the Board of Parole and he raised the Board of Parole matters solely to inform the court that his sentence was not being carried out "in the manner anticipated by the Court." Accordingly, Galoob urged that his plea be treated as one for leniency in recognition of the court's inherent power to reduce sentences and to exercise control over a judgment which it had entered.

In denying Galoob's motion for rehearing the trial court observed, "Once more, I will not and I cannot take over the functions of the Board of Parole."

On appeal Galoob contends: (1) Rule 35 is a proper method to seek a reduction of sentence based upon new information about a case, and (2) a trial court may grant a Rule 35 motion for reduction of sentence if the court was unaware at the time of sentencing of the nature of the review to be given an individual sentenced pursuant to 18 U.S.C.A. § 4208(a)(2).

■ Galoob contends in effect, that new information, i. e., the manner of review afforded defendants sentenced under § 4208(a)(2), presents adequate grounds upon which a court may reduce a sentence in a Rule 35 proceeding. We agree that by accepting Galoob's motion for reduction of sentence as a plea for leniency and review such information *may* present grounds rendering resentencing proper. However, the District Court in the instant case was not obligated to resentence and this court is not

empowered to review sentences which are within statutory limits and which are not considered cruel and unusual punishment. *United States v. Mackay*, 491 F.2d 616 (10th Cir. 1973), *cert. denied*, 419 U.S. 1047, 95 S.Ct. 619, 42 L.Ed.2d 640 (1974); *Haskins v. United States*, 433 F.2d 836 (10th Cir. 1970); *Hall v. United States*, 404 F.2d 1365 (10th Cir. 1969). This is particularly true when, as here, the trial court on two separate occasions entertained motions to review the sentence imposed, and twice declined to reduce the sentence. Had implementation of the parole guidelines truly frustrated the sentencing court's expectations with respect to the original sentence imposed, certainly it was within the court's power to resentence Galoob. *See: United States v. Somers*, 552 F.2d 108 (3rd Cir. 1977). Sentencing courts cannot supervise, control or second guess decisions of the Parole Commission. *United States v. DiRusso*, 548 F.2d 372 (1st Cir. 1976). However, they may, in cases such as this, reduce sentences upon receipt of a timely filed Rule 35 motion. The District Courts are vested with this discretion. That discretion was not abused in Galoob's case.

■ Galoob's repeated assertion that his August 3, 1976 hearing "was not at all meaningful in terms of evaluating ⠂ . [him] . . . for release" is without merit. The hearing afforded Galoob was not violative of his due process rights. *Fronczak v. Warden*, 553 F.2d 1219 (10th Cir. 1977). It was most meaningful, however, in evaluating Galoob for release in that it established, *inter alia*, his dependency on marijuana and his use of cocaine and LSD; his prior arrest in 1973 in a vehicle with 193 pounds of marijuana; and his inability to pursue gainful employment for a substantial period of time. These were factors which the Commission, of necessity, considered in continuing Galoob's imprisonment for the minimum period of one-third of his five year sentence. The hearing was also meaningful in that the examiner noted that certain forms were available to District Courts opting to sentence under § 4208(a)(2) to detail the "certain things [which] should be done in your case . . . but he hasn't done it."

■ The record fails to delineate any reason why the sentencing court overlooked or declined to complete and submit forms detailing the treatment or training needs of Galoob together with its comments and recommendations regarding the appropriateness of parole in view of the present offense, prior criminal background, and any mitigating or aggravating circumstances. Accordingly, our disposition must be based upon the fact that once a sentencing court, for whatever reason, declines to reduce a sentence under a timely filed Rule 35 motion, the court of appeals cannot overturn the sentence imposed unless it is in excess of the maximum limits or constitutes cruel and unusual punishment. Such is not the situation here.

WE AFFIRM.

McKAY, Circuit Judge, dissenting as follows:

I agree with the majority that on a Rule 35 motion for reduction of sentence a district court may resentence a defendant if Parole Board implementation of the parole guidelines has frustrated the district court's expectations with respect to the original sentence. I disagree with the majority's conclusion that the district court understood this authority or that he knowingly exercised that discretion when it ruled on the motion in this case. For that reason I would remand to the district court to permit him to reconsider the motion in light of the court's opinion.

I do not understand that the defendant complains of an abuse of discretion. I think he quite correctly feels that the district court erred in treating his motion as a request to interfere with the Parole Board's discretion to determine parole eligibility rather than as a request to reexamine the court's own sentencing purpose in light of the then unknown practices of the Board.

In denying Galoob's motion for reduction of sentence, the district court explained that § 4208(a)(2) leaves the determination of parole eligibility to the Board of Parole. The court then ruled:

I *can't* interfere with that determination on a motion under Rule 35 to reduce sentence. . . . *I do not have authority* to interfere with the reasonable discretion of the Board of Parole. . . .

Record on Appeal at 21 (emphasis added). Similarly, in his denial of Galoob's motion for rehearing on the Rule 35 motion, the court held: "I will not and *I cannot* take over the functions of the Board of Parole." *Id.* at 25 (emphasis added).

These rulings can be understood only when viewed in light of the fact that Galoob's motions for reduction of sentence did not, in any way, request the district court to interfere with or modify the determination of the Parole Board. Thus, the only possible explanation for the above rulings is that the court mistakenly believed he lacked authority to reconsider a § 4208(a)(2) sentence according to his discretion under Rule 35. Whenever a district court unlawfully refuses—or mistakenly believes he lacks authority—to exercise his discretion in ruling on the merits of a Rule 35 motion, an individual is effectively deprived of the protections embodied in Rule 35.

It is obvious that the district court did not reach or consider the merits of Galoob's Rule 35 motion because of the court's erroneous conclusion about his authority. It is equally clear that district courts do have authority under Rule 35 to reduce a sentence, even when it is imposed under § 4208(a)(2). *E. g., United States v. Somers*, 552 F.2d 108 (3d Cir. 1977); *United States v. DiRusso*, 548 F.2d 372 (1st Cir. 1976); *United States v. Slutsky*, 514 F.2d 1222 (2d Cir. 1975). Given the district court's erroneous conclusion of law on this matter, the appropriate remedy is manifest: "[I]n the interest of obtaining a just determination of this criminal proceeding (see Rule 2, Federal Rules of Criminal Procedure), the cause should be remanded so that the trial court may exercise its discretion in determining whether it wishes to grant such relief." *Leyvas v. United States*, 371 F.2d 714, 718 (9th Cir. 1967). *See United States v. Slutsky*, 514 F.2d at 1227; *McCartney v. United States*, 382 F.2d 116,

118 (9th Cir. 1967); C. Wright, Federal Practice & Procedure: Criminal § 588 (1969).