**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert S. HART, Defendant–Appellant.**

**No. 89–1301.**

United States Court of Appeals,
Tenth Circuit.

Dec. 28, 1990.

Gerald J. Rafferty, Asst. U.S. Atty., for the Dist. of Colorado (Michael J. Norton, U.S. Atty., with him on the brief), Denver, Colo., for plaintiff-appellee.

William J. Genego, Santa Monica, Cal. (Michael L. Bender, Bender & Treece with him on the brief), Denver, Colo., for defendant-appellant.

* Honorable H. Dale Cook, United States District Judge, Eastern, Northern and Western Districts

Before SEYMOUR, ANDERSON, Circuit Judges, and COOK *, District Judge.

H. DALE COOK, District Judge.

On December 21, 1987, the Government filed a felony information, charging defendant with three crimes: (1) mail fraud (18 U.S.C. § 1341) (2) making a false statement in support of a loan application (18 U.S.C. § 1014) and (3) failure to file a required currency transaction report (31 U.S.C. §§ 5313 and 5322). The case was assigned to Judge Kane. On January 21, 1988, the defendant appeared before Judge Kane and pled guilty to all three counts. A presentence investigation report (PSI) was prepared by the probation department. Also attached was the Government's sentencing memo. On March 4, 1988, defendant appeared for sentencing. Because the offenses charged occurred prior to November 1, 1987, the Sentencing Guidelines were not applicable. At the sentencing hearing, defendant's counsel made an oral statement regarding the accuracy of the PSI. The district court did not hold a hearing either to make a finding resolving the dispute or disavowing reliance upon the disputed matters.

The district court sentenced defendant to the maximum term on each count: five years on Count 1, two years on Count 2, and five years on Count 3. The terms were ordered to run consecutively, for a total of twelve years imprisonment. A total fine of $6,000 and $150 special monetary assessment were imposed.

On July 5, 1988, defendant (by new counsel) filed a Rule 35 motion to reduce sentence. He also filed a motion to correct errors in the PSI, pursuant to Rule 32(c)(3)(D) F.R.Crim.P. Since Judge Kane was no longer active, the case was assigned to Judge Weinshienk. The motions were denied by district court order of June 19, 1989, with the exception that the sentence was modified to provide that it was imposed pursuant to 18 U.S.C. § 4205(b)(2).

of Oklahoma, sitting by designation.

Defendant now appeals, arguing that (1) the district court violated Rule 32 by failing to hold a hearing as to accuracy of information in the PSI or disavowing any reliance on the disputed information and (2) the district court abused its discretion in denying his motion pursuant to Rule 35.

■ The initial issue is whether the district court properly denied the Rule 35 motion for reduction of sentence. The granting of such a motion is within the district court's discretion. *See United States v. Galoob*, 573 F.2d 1167, 1170 (10th Cir.1978).

■ As we noted in *United States v. Gattas*, 862 F.2d 1432, 1433 n. 3 (10th Cir.1988), a number of courts have held that violations of Rule 32(c)(3)(D) may be raised pursuant to a timely filed motion under the pre–1987 version of Rule 35 F.R. Crim.P., which provided for challenges to sentences "imposed in an illegal manner". However, such a challenge is necessarily brought pursuant to Rule 35(a). Defendant expressly stated to the trial court that his motion was brought pursuant to Rule 35(b). Nowhere in the motion or the supplemental memorandum did defendant contend that his sentence was illegal or imposed in an illegal manner. Rather, he requested reduction of sentence, tangentially mentioning that the PSI did not provide the sentencing court with full information. Because the motion was made pursuant to Rule 35(b), we may reverse only for abuse of discretion. We conclude that no such abuse took place.

■ As noted, defendant filed a motion to correct presentence report which he asserted was "pursuant to Rule 32(c)(3)(D)." Some courts have held that Rule 32, standing alone, does not give a district court jurisdiction to correct inaccuracies in a PSI report after a defendant has been sentenced, whether defendant raised alleged inaccuracies at sentencing or not. *See United States v. Giaimo*, 880 F.2d 1561, 1563 (2nd Cir.1989) *and United States v. Engs*, 884 F.2d 894, 895 (5th Cir.1989) (not raised at sentencing); *United States v. Sarduy*, 838 F.2d 157, 158 (6th Cir.1988) (raised at sentencing). However, in *United States v. Golightly*, 811 F.2d 1366 (10th

Cir.1987), we reviewed the denial of a "Rule 32" motion. We conclude that jurisdiction exists.

In *United States v. Rutter*, 897 F.2d 1558, 1565 (10th Cir.1990), we recently articulated the applicable standard:

"[W]here there are disputed facts material to the sentencing decision, the district court must cause the record to reflect its resolution thereof, particularly when the dispute is called to the court's attention." *United States v. Warters*, 885 F.2d 1266, 1272 (5th Cir.1989). The record must reflect resolution of any "factor important to the sentencing determination" that is in dispute. *See Guidelines* § 6A1.3; F.R.Crim.P. 32(a)(3)(D). If the disputed facts are not important to the sentencing determination and will not be relied upon in sentencing, the district court should say so. F.R.Crim.P. 32(a)(3)(D); *United States v. Rantz*, 862 F.2d 808, 813–14 (10th Cir.1988), *cert. denied*, [489 U.S. 1089] 109 S.Ct. 1554 [103 L.Ed.2d 857] (1989). The written resolution of the disputed factual matter or a statement that the disputed factual matter will not be relied upon must then "be attached to the presentence report before it is made available to the prison or parole authorities." *United States v. Strayer*, 846 F.2d 1262, 1267 (10th Cir. 1988). This requirement may be satisfied by attaching a written form or the sentencing transcript to the presentence report. [*United States v. Peterman*, 841 F.2d 1474, 1483–84 (10th Cir.1988), *cert. denied*, [488 U.S. 1004] 109 S.Ct. 783 [102 L.Ed.2d 774] (1989)].

■ The Government responds that the defendant did not specifically raise factual inaccuracies at the time of sentencing, but rather objected to the tenor of the report. Objections going merely to the form or tenor of the PSI and that are vague and cryptic do not constitute specific inaccuracies under Rule 32. *Rantz*, 862 F.2d at 814. Moreover, Rule 32 only applies to *factual* inaccuracies. *See United States v. Corral*, 823 F.2d 1389, 1394 (10th Cir.1987), *cert. denied*, 486 U.S. 1054, 108 S.Ct. 2820, 100 L.Ed.2d 921 (1988). It does

not apply to "recommendations, opinions, or conclusions that are not fundamentally factual in nature." *United States v. Aleman,* 832 F.2d 142, 145 (11th Cir.1987). The Court has reviewed the transcript of the sentencing proceeding. The defense attorney's presentation was of the rambling, stream-of-consciousness variety. The Government seizes upon his statement that "[t]here are a number of things of which we can find disagreement, and I am sure they don't make any big difference." (Transcript at 6). Neither this Court nor a district court is bound by an attorney's assessment of the importance of his own presentation. Therefore, any inaccuracies which were properly raised will be considered.

█ The defense attorney stated that "[t]here are a number of things for instance, I do know are not accurate and they paint a picture that I do not believe is accurate...." (Sentencing Transcript at 6). However, he was far from specific in relating the factual objections, and seemed more concerned with the overall impression created by the PSI. Upon review, the Court finds that specifically mentioned were objections to the accuracy of five statements in the PSI. Counsel stated that "[t]here is a statement there that this was a fraud from the beginning. We wish to take some issue with that." (Sent.Tr. at 7). However, this constitutes an objection to a *conclusion* reached by the probation officer; no underlying facts were disputed. Further, counsel stated that the statement in the PSI that defendant was neither remorseful nor accepted guilt unconditionally did not "ring true". (Sent.Tr. at 8). Again, counsel's quarrel is with the opinion of the probation officer, not with the facts contained in the PSI. Counsel made a clarification regarding the number of polygraph examinations taken by defendant (Sent.Tr. at 10) which could not possibly have influenced the sentence imposed. Nor could the clarification that defendant rents a two-bedroom condominium as opposed to a three-bedroom condominium. (Sent.Tr. at 6). Finally, counsel objected to the characterization of the Industrial Bank Savings Guarantee Corporation as a victim

of defendant's acts. (Sent.Tr. at 6-7). This is a matter of interpretation, not facts.

The trial judge did not deal with defense counsel's statements regarding the PSI in an ideal manner. However, we conclude that the statements made do not implicate Rule 32. We therefore affirm the judgment of the district court.