**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Herbert Louis MILLER, Defendant–Appellant.**

**No. 90–7030.**

United States Court of Appeals, Tenth Circuit.

Oct. 24, 1991.

---

**632**

Stephen J. Greubel, Asst. Federal Public Defender, Tulsa, Okl., for defendant-appellant.

Joseph F. Wilson, Asst. U.S. Atty., Tulsa, Okl. (John Raley, with him on the Brief) for plaintiff-appellee.

Before BRORBY, EBEL, Circuit Judges, and KANE, District Judge.*

EBEL, Circuit Judge.

## FACTS

The facts of this case are essentially undisputed. Appellant was employed by the Internal Revenue Service until his employment was terminated in 1987. In 1988 and 1989 appellant filed civil lawsuits in federal district court in the Northern District of Oklahoma. In the lawsuits, which were eventually consolidated, appellant alleged various forms of discrimination by the Treasury Department stemming from his termination of employment in 1987. In 1989, while the consolidated civil lawsuit was still pending, criminal charges were filed by the United States against appellant in the Northern District of Oklahoma. The indictment alleged that appellant submitted false federal income tax refund claims for the years 1984, 1985, 1986, and 1987, in violation of 18 U.S.C. § 287. On venue grounds, the indictment was dismissed and then refiled in the Western District of Texas. Eventually, the criminal case was transferred to the Eastern District of Oklahoma to accommodate appellant.

Thereafter, appellant moved to have the indictment dismissed on the ground of vindictive prosecution. The district court denied the motion. After one of the four counts was dismissed by the government, the trial went forward and appellant was found guilty on the three remaining counts. This appeal follows.

## ANALYSIS

In this court, appellant "maintains the criminal indictment against him was brought solely in response to his civil lawsuits; that is, that the criminal indictment was vindictive in origin." Appellant's Br. at 8. Appellant claims that the district court's denial of his motion to dismiss the indictment constitutes reversible error. We disagree and affirm the judgment of the lower court.

■ Appellant offers only the sequence of events—that the criminal prosecution followed the filing of his civil lawsuit—as evidence of the alleged prosecutorial vindictiveness. Thus, appellant asks this court to find that "these circumstances present a 'reasonable likelihood' of actual vindictive-

---

* Honorable John L. Kane, Jr., Senior United States District Judge for the District of Colorado, sitting by designation.

ness ..., entitling him to a presumption of vindictiveness on the part of the government." Appellant's Br. at 15 (*citing Alabama v. Smith*, 490 U.S. 794, 799, 109 S.Ct. 2201, 2204, 104 L.Ed.2d 865 (1989)). Appellant misunderstands, however, when such a presumption is appropriate within the line of cases beginning with *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). That case and its progeny make clear that there is a presumption of vindictiveness when a defendant successfully attacks his first conviction and then receives a harsher sentence on retrial, *id.* at 726, 89 S.Ct. at 2081, or when "the 'prosecutor clearly has a considerable stake in discouraging convicted misdemeanants from appealing'" by charging a successful appellant with a felony covering the same facts. *Smith*, 490 U.S. at 800 n. 3, 109 S.Ct. at 2205 n. 3 (quoting *Blackledge v. Perry*, 417 U.S. 21, 27, 94 S.Ct. 2098, 2102, 40 L.Ed.2d 628 (1974)). Thus, when a new sentence is imposed after a previous conviction that covers the same conduct has been invalidated, there has been a recognition by the Court of the "institutional bias" inherent in the judicial system against the retrial of issues that have already been decided, *United States v. Goodwin*, 457 U.S. 368, 383, 102 S.Ct. 2485, 2493, 73 L.Ed.2d 74 (1982), and the Supreme Court has invoked a presumption of vindictiveness in order to protect the defendant's right to challenge the conviction.

However, in the area of "cases dealing with pretrial prosecutorial decisions," *Smith*, 490 U.S. at 800–01 n. 3, 109 S.Ct. at 2205 n. 3, the Supreme Court generally has refused to create such presumptions. *See Goodwin*, 457 U.S. at 384, 102 S.Ct. at 2494 (no presumption of vindictiveness when defendant was indicted with a felony charge after he pled not guilty and requested a jury trial on a misdemeanor charge pending against him based on the same facts); *see also Bordenkircher v. Hayes*, 434 U.S. 357, 365, 98 S.Ct. 663, 669, 54 L.Ed.2d 604 (1978) (prosecutor can follow through on threat to charge greater applicable offense where defendant declines to plead guilty to lesser offense). Similarly, our court has declined to utilize a presumption of vindictiveness when a harsher charge is brought after the first trial ended in a mistrial. There, this court relied upon the District of Columbia Circuit's interpretation of *Goodwin* as

> declin[ing] to adopt a *per se* rule applicable in the pretrial context that a presumption will lie whenever the prosecutor 'ups the ante' following a defendant's exercise of a legal right.... But the Court also declined to adopt a *per se* rule that in the pretrial context no presumption of vindictiveness will ever lie. The lesson of *Goodwin* is that proof of a prosecutorial decision to increase charges after a defendant has exercised a legal right does not alone give rise to a presumption in the pretrial context.

*United States v. Doran*, 882 F.2d 1511, 1521 (10th Cir.1989) (*quoting United States v. Meyer*, 810 F.2d 1242, 1245–46 (D.C.Cir.), *vacated*, 816 F.2d 695 (D.C.Cir.) (en banc), *reinstated sub nom. Bartlett ex rel. Neuman v. Bowen*, 824 F.2d 1240 (D.C.Cir.1987) (en banc), *cert. denied*, 485 U.S. 940, 108 S.Ct. 1121, 99 L.Ed.2d 281 (1988)). Thus, cases involving pretrial or post-mistrial prosecutorial decisions have been analyzed by examining the particular circumstances in deciding whether a presumption of vindictiveness is appropriate. *See Goodwin*, 457 U.S. at 384, 102 S.Ct. at 2494; *United States v. Raymer*, 941 F.2d 1031, 1040 (10th Cir.1991); *Doran*, 882 F.2d at 1521; *Meyer*, 810 F.2d at 1246.

■ In this case, which involves prosecutorial decisions made prior to trial, we believe that a presumption of vindictiveness would be inappropriate. Appellant is correct that the Government may not punish him "simply because he asserted his procedural rights, for '[t]o punish a person because he has done what the law plainly allows him to do is a due process violation "of the most basic sort."'" *Id.* at 1518 (*quoting Goodwin*, 457 U.S. at 372, 102 S.Ct. at 2488). However, the Supreme Court has also stated that "[w]hen there is no ... reasonable likelihood [of prosecutorial vindictiveness], the burden remains upon the defendant to prove actual vindictiveness...." *Smith*, 490 U.S. at 799–800, 109 S.Ct. at 2205 (citing *Wasman v. United*

*States,* 468 U.S. 559, 569, 104 S.Ct. 3217, 3223, 82 L.Ed.2d 424 (1984)); *see also, Raymer,* 941 F.2d at 1039 (In a pre-trial context, the initial burden is on the defendant to show a "realistic likelihood of vindictiveness which will give rise to a presumption of vindictiveness."). We do not believe that in this case there is either a "reasonable likelihood," *Smith,* 490 U.S. at 799, 109 S.Ct. at 2204, or a "realistic likelihood," *Blackledge,* 417 U.S. at 27, 94 S.Ct. at 2102, that the charges were brought in retaliation for appellant's civil action.

Several reasons underlie our decision to decline the invitation to create a presumption of vindictiveness in the case at bar. First, appellant offers no evidence other than the temporal sequence of events to support his allegation of prosecutorial vindictiveness. The Supreme Court has "continued to stress that a 'mere opportunity for vindictiveness is insufficient to justify the imposition of a prophylactic rule.'" *Smith,* 490 U.S. at 800–01 n. 3, 109 S.Ct. at 2205 n. 3 (*quoting Goodwin,* 457 U.S. at 384, 102 S.Ct. at 2494), and that "the Due Process Clause is not offended by all possibilities of increased punishment ..., but only those that pose a realistic likelihood of 'vindictiveness'". *Blackledge,* 417 U.S. at 27, 94 S.Ct. at 2102.

Second, we fail to see any real opportunity in this case for such an action on the part of an individual prosecutor. Both sides agree that after the original indictment was dismissed from the Northern District of Oklahoma, an identical indictment was filed in the Western District of Texas, and then transferred—at the request of the appellant—to the Eastern District of Oklahoma. Thus, while it is uncontroverted that "prosecutors in three districts were involved at some stage in the proceedings of this case," Appellee's Br. at 4, appellant has been unable to produce direct evidence of any individual prosecutorial vindictiveness, nor any evidence of what must have been—on appellant's theory—a multi-district conspiracy against him.

Third, this court has, in the past, focused on the question of whether a defendant's successful invocation of a right "threaten[ed] the prosecution with the duplicative effort of a new trial." *Doran,* 882 F.2d at 1521. There is no such threat here as the trial below was the only criminal trial brought against this defendant.

Finally, as a policy matter, we find a presumption of vindictiveness based on timing alone unsound as it could easily be abused. Adopting such a presumption would give sophisticated criminal suspects an opportunity to file civil charges against the government prior to an impending indictment, thus creating a presumption that the eventual charges were brought vindictively. Without more evidence to support an allegation of vindictiveness, almost every suspect in any legitimate prosecution could threaten to use such a judicially-created presumption. Arming criminal suspects with such a threat was plainly unintended by the Supreme Court in *Pearce,* 395 U.S. 711, 89 S.Ct. 2072, and its progeny. Indeed, the Court has always reserved the presumption only for situations where the "opportunities for vindictiveness ... are such as to *impel* the conclusion that due process of law *requires* [such] a rule...." *Blackledge,* 417 U.S. at 27, 94 S.Ct. at 2102 (emphasis added).

■ Although we decline to utilize a presumption of vindictiveness in this case, "we of course do not foreclose the possibility that a defendant in an appropriate case might prove objectively that the prosecutor's charging decision was motivated by a desire to punish him for doing something that the law plainly allowed him to do." *Goodwin,* 457 U.S. at 384, 102 S.Ct. at 2494. In this case, however, we see no evidence—other than the temporal sequence of events—to support the bald assertion of prosecutorial vindictiveness. Thus, absent a presumption of vindictiveness, no due process violation has been established, because the appellant did not carry his burden of showing actual vindictiveness. *Wasman,* 468 U.S. at 569, 104 S.Ct. at 3223.

The district court judgment is AFFIRMED.