959 F.2d 230
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Vincent MACPHERSON, Defendant, Appellant.
 No. 91-2019.
 United States Court of Appeals,
First Circuit.
 April 7, 1992
 
 Vincent MacPherson on brief pro se.
 Wayne A. Budd, United States Attorney, and Brian T. Kelly, Assistant United States Attorney, on brief for appellee.
 Before Torruella, Circuit Judge, Campbell, Senior Circuit Judge, and Cyr, Circuit Judge.
 Per Curiam.
 
 
 1
 Vincent MacPherson was convicted in 1987 on charges arising from his role as a participant in the robbery of an armored car and as a conspirator to a bank robbery. Both crimes occurred in Massachusetts in 1983. MacPherson was convicted and sentenced on four counts: (1) conspiracy in violation of 18 U.S.C. § 371, (2) conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951, (3) actual interference with commerce by robbery, also in violation of 18 U.S.C. § 1951, and (4) armed bank robbery in violation of 18 U.S.C. § 2113(d). The district court sentenced MacPherson to five-year prison terms on each of the conspiracy counts, and to a twenty-year prison term on the third count, all to be served concurrently with a twenty-five year prison term on the fourth count. We affirmed the convictions and sentences on direct appeal. United States v. Fields, 871 F.2d 188 (1st Cir. 1989).
 
 
 2
 In April 1991 MacPherson filed the motion that is the subject of this appeal. Captioned a "Motion to Correct or in the Alternative, Clarify Sentence," and ostensibly filed pursuant to the authority of Fed. R. Crim. P. 35(a), the motion contained two arguments. MacPherson first claimed that he "was impermissibly twice sentenced for the same offense in violation of double jeopardy." That is, he argued that the substantive and conspiracy convictions for "interfering with commerce" under Section 1951 concerned, in the district court's words,
 
 
 3
 "different legal characterizations of the same conduct" that gave rise to the convictions for Section 371-conspiracy and Section 2113(d)-bank robbery. Both the government and the district court conceded the infirmity of imposing four sentences for what in fact were only two crimes, and the district court granted MacPherson relief, though not quite the relief he sought. Of his two substantive crimes, MacPherson wanted the district court to dismiss the conviction under Section 2113(d)-the charge that carried the heavier penalty. Instead, the district court dismissed the Section 1951 "interfering with commerce" charge, leaving intact MacPherson's twenty-five year prison term.
 
 
 4
 MacPherson's second argument was that the pre-sentence investigation (PSI) report submitted to the court by probation officers contained factual errors that required correction or clarification by the court. The district court denied MacPherson any relief on this ground, ruling that it was not authorized to act on a Rule 35 motion presented more than 120 days after the Supreme Court had denied the moving defendant's petition for a writ of certiorari. See Fed. R. Crim. P. 35(b), applicable to offenses committed prior to November 1, 1987. The district court also denied MacPherson's motion to reconsider, and this appeal followed. We affirm.
 
 Multiplicitous Punishments
 
 5
 We can assume for purposes of this appeal that the district court correctly accepted MacPherson's argument that the two conspiracy convictions and the two substantive convictions were "multiplicitous"-that they impermissibly repeated each other. MacPherson agrees generally that the remedy for this defect is to dismiss one conviction from each pair of doppelgangers, but argues particularly that the court here was constrained to dismiss the Section 2113(d) conviction as the weightier (in terms of punishment) of his two substantive crimes. He cites no useful authority for this position, and we do not imagine that he could find any. MacPherson was convicted of bank robbery under 18 U.S.C. § 2113(d), and absent an insufficiency of the evidence or other defect in the conduct of his trial, there was no reason not to punish him for that offense.
 
 
 6
 On appeal, MacPherson also argues that the multiplicitous indictment affected the fairness of his trial because a "prolix recitation [of alleged crimes] may falsely suggest to a jury that a defendant has committed not one but several crimes." United States v. Duncan, 850 F.2d 1104, 1108 n.4 (6th Cir. 1988). This danger may be real in a particular case, but the record satisfies us that it was hypothetical in the case at hand. Where the law makes it one crime to engage in a repeated course of conduct involving several predicate acts, the repeated assertion of the details of each predicate action in
 
 
 7
 multiple counts might cause confusion about whether the defendant committed one crime or several. See, e.g., United States v. Lampley, 573 F.2d 783, 793 (3d Cir. 1978) (Gibbons, J., dissenting in part) (danger of jury confusion arose where statute proscribed making of repeated telephone calls for purposes of harassment, and indictment charged defendant in seven counts, each representing a single call). But on the record before us we understand that MacPherson was convicted on the basis of evidence detailing his active participation in but a single event (the armored car robbery), as well as his complicity in a conspiracy. Thus, "[t]here was no threat of generating an adverse psychological effect on the jury." United States v. Hearod, 499 F.2d 1003, 1005 (5th Cir. 1974). The proper remedy was the one the district court employed: to dismiss the count that created the multiplicity. United States v. Lemons, 941 F.2d 309, 317 (5th Cir. 1991).
 
 Violations of Rule 32(c)(3)(D)
 
 8
 In his Rule 35 motion, MacPherson alleged (a) that the PSI report contained a number of factual inaccuracies, which MacPherson first brought to the court's attention at his sentencing hearing, and (b) that the district court failed to comply with the second sentence of Fed. R. Crim. P. 32(c)(3)(D) by making a written record of its findings concerning the disputed factual matters. The district court denied this part of the motion for lack of jurisdiction, but noted in passing that it had, at the sentencing hearing, "denied defendant's request to revise specific language in the Pre-Sentence Report."[1]
 
 
 9
 We agree with the district court that it lacked jurisdiction under either Rule 32 or Rule 35 to consider MacPherson's motion. Rule 32, "standing alone, does not provide the district court with jurisdiction to hear a motion making a post-judgment collateral attack on one's sentence for a Rule 32 violation." United States v. Fischer, 821 F.2d 557, 558 (11th Cir. 1987) (per curiam). See also United States v. Engs, 884 F.2d 894, 895 (5th Cir. 1989); United States v. Giaimo, 880 F.2d 1563 (2d Cir. 1989). But see United States v. Hart, 922 F.2d 613, 615 (10th Cir. 1990). A defendant who wants to mount a post-sentencing challenge to an alleged violation of Rule 32(c)(3)(D) must do so either in his direct appeal (which MacPherson did not do here) or by way of a timely Rule 35 motion. Id. See also United States v. Santamaria, 788 F.2d 824, 829 (1st Cir. 1986); United States v. Sarduy, 838 F.2d 157, 158 (6th Cir. 1988) (per curiam). Because MacPherson was convicted of crimes committed in 1983, "timely" in this case meant "within 120 days after entry of any order or judgment of the Supreme Court denying review of ... [his] judgment of conviction...." Fed. R. Crim. P. 35(b), applicable to offenses committed prior to November 1, 1987. The Supreme Court denied MacPherson's petition for a writ of certiorari sometime in 1989. His Rule 35 motion, filed in April 1991, plainly was out of time.
 
 
 10
 Some courts have allowed defendants to use 28 U.S.C. § 2255 to attack alleged violations of Rule 32(c)(3)(D) after appeal and expiration of the period in which to file a timely Rule 35 motion. The circumstances under which they will do so vary. See, e.g., Poor Thunder v. United States, 810 F.2d 817 (8th Cir. 1987) (Section 2255 "generally" available); United States v. Gattas, 862 F.2d 1432 (10th Cir. 1988) (Section 2255 available for violations of second part of Rule 32(c)(3)(D)); Johnson v. United States, 805 F.2d 1284 (7th Cir. 1986) (Section 2255 may be available if violation of Rule 32 amounts to denial of due process); United States v. Sarduy, 838 F.2d 157 (6th Cir. 1988) (per curiam) (Section 2255 "may" be available); United States v. Fischer, 821 F.2d 557 (11th Cir. 1987) (per curiam) (same). But see United States v. Engs, 884 F.2d 894 (5th Cir. 1989) (Section 2255 not available where defendant could have raised issue on direct appeal or in timely Rule 35 motion); United States v. Knockum, 881 F.2d 730 (9th Cir. 1989) (Section 2255 not available for violations of second part of Rule 32(c)(3)(D) because a remedy is already provided by Fed. R. Crim. P. 36).
 
 
 11
 MacPherson has never contended that, or described how, the district court might have had jurisdiction over his motion by operation of Section 2255. And, although we have discretion to treat a pro se Rule 35 motion as a petition for relief under 28 U.S.C. § 2255, see United States v. Zuleta-Molina, 840 F.2d 157, 158 (1st Cir. 1988), we decline to do so here, where it would require us to decide what appears to be a fact-sensitive jurisdictional issue in a case where the record is so vague about the circumstances of the alleged Rule 32 violation as to render any ruling a speculative exercise. Accordingly, we will affirm the district court's dismissal for lack of jurisdiction under Rules 32 and 35. We intimate no opinion about MacPherson's ability to obtain jurisdiction in the district court by filing a petition for relief under Section 2255.
 
 
 12
 Affirmed.
 
 
 
 [1]
 Rule 32(c)(3)(D) imposes two related obligations on the district court. When a defendant alleges any factual inaccuracy in the PSI report, the court must (1) either make a finding about each allegation or determine that no finding is necessary because the court does not intend to rely on the controverted matter in fashioning sentence, and (2) record its findings and determinations in writing and append them to any copy of the PSI report it makes available to the Bureau of Prisons or the Parole Commission. MacPherson's motion was too unclear, and the district court's comment that it had "denied" his request to revise the PSI report too cryptic, to permit us to conclude whether the district court actually violated either part of Rule 32(c)(3)(D)