974 F.2d 1346
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
William J. HUTCHINSON, also known as William "Liam" Joseph
Hutchinson, Defendant-Appellant.
 No. 92-1041.
 United States Court of Appeals, Tenth Circuit.
 Aug. 17, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 William (Liam) J. Hutchinson appeals from the denial of his Fed.R.Crim.P. 35 motion for a reduction of sentence. He has also filed a "Motion for Reinstatement of Bond Pending Appeal of Both the Rule 35 and the Rule 2255." Hutchinson was convicted of two counts of securities fraud, in violation of 15 U.S.C. § 78j(b), and thirteen counts of mail fraud, in violation of 18 U.S.C. §§ 2, 1341, in connection with three cattle industry investment schemes. He received a sentence of ten years imprisonment pursuant to 18 U.S.C. § 4205(a).
 
 
 3
 Hutchinson initially filed a direct appeal with this court, but then voluntarily moved to dismiss his appeal. In his Rule 35 motion, Hutchinson argued: that he would have received a lesser sentence if the court had applied the Sentencing Guidelines to his offenses; and, that he was entitled to a lesser sentence because he had rendered substantial assistance to federal authorities following his prosecution. The district court denied his motion in a Minute Order dated January 23, 1992. On our own motion, we questioned whether we had jurisdiction over this appeal since it may have been untimely. The district court found that the appeal was timely filed. Order on Partial Remand, Apr. 21, 1992, R.Supp.Vol. I at 1-2.
 
 
 4
 The district court has discretion to grant a Rule 35 motion for reduction of sentence, and we may reverse only for an abuse of that discretion. United States v. Hart, 922 F.2d 613, 615 (10th Cir.1990). It is undisputed that all of the conduct charged in Hutchinson's offenses occurred prior to the November 1, 1987 effective date of the Sentencing Guidelines. The United States Sentencing Commission guidelines do not apply to offenses committed before that date. Id. at 614; U.S.S.G. Ch. 1, Pt. A, 2; United States v. Williams, 897 F.2d 1034, 1040 (10th Cir.1990), cert. denied, 111 S.Ct. 2064 (1991); United States v. Jenkins, 866 F.2d 331, 333 (10th Cir.1989).
 
 
 5
 Hutchinson concedes that he had no written agreement with the government to induce his cooperation, but maintains that there was an "implied understanding" that the government would request a reduced sentence in exchange for his help. Answer Br. at 4. The government denies the existence of any such agreement, and asserts that in any event Hutchinson has never provided meaningful assistance. Br. of Appellee at 8. "[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing" unless the prosecutor's reason for refusing to request a reduction in sentence lacks a rational basis or is based on an unconstitutional motive. Wade v. United States, 112 S.Ct. 1840, 1843 (1992). We conclude from our review of the record that Hutchinson cannot establish any of these grounds, and that it was not an abuse of discretion for the district court to deny his Rule 35 motion.
 
 
 6
 Hutchinson also submitted on appeal a fifty-two page Habeas petition pursuant to 28 U.S.C. § 2255. Hutchinson did not present this petition to the district court, and we will not consider it for the first time on appeal. Singleton v. Wulff, 428 U.S. 106, 120 (1976); Farmers Ins. Co. v. Hubbard, 869 F.2d 565, 570 (10th Cir.1989). To the extent that Hutchinson's petition requests a new trial on grounds of newly discovered evidence, that issue can be addressed through a timely Fed.R.Crim.P. 33 motion to the district court.
 
 
 7
 We AFFIRM the denial of Hutchinson's Rule 35 motion, and dismiss his petition for a writ of habeas corpus. Given our disposition, appellant's motion for Reinstatement of Bond Pending Appeal is denied as moot. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3