991 F.2d 806
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Herbert L. MILLER, Defendant-Appellant.
 No. 92-7107.
 United States Court of Appeals, Tenth Circuit.
 April 14, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Herbert L. Miller was sentenced to eight years imprisonment after being convicted of three counts of submitting false tax refund claims in violation of 18 U.S.C. § 287. On direct appeal, Mr. Miller argued that his conviction resulted from a vindictive prosecution because the government had indicted him after he had filed civil lawsuits against his former employer, the Internal Revenue Service ("IRS"), for wrongful termination. This court disagreed and affirmed. See United States v. Miller, 948 F.2d 631 (10th Cir.1991), cert. denied, 112 S.Ct. 1278 (1992). Miller then moved the district court for reduction of his sentence pursuant to Fed.R.Crim.P. 35(b). The court denied the motion. Miller now appeals the district court's denial of his Rule 35(b) motion to reduce sentence. In this pro se appeal, Miller argues that (1) his sentence violates the Eighth Amendment, (2) the district court abused its discretion in denying his motion, (3) the district court erred by permitting him to appear pro se, and (4) his sentence is based on a nonexistent statute.
 
 
 3
 Miller's conviction is based on acts which occurred before November 1, 1987, the effective date of the United States Sentencing Guidelines. The version of Rule 35(b) applicable to such convictions provides:
 
 
 4
 A motion to reduce a sentence may be made ... within 120 days after the sentence is imposed ... or within 120 days after entry of any order or judgment of the Supreme Court denying review of ... a judgment of conviction.... The court shall determine the motion within a reasonable time.
 
 
 5
 Fed.R.Crim.P. 35(b) (as amended Apr. 29, 1985). A motion under Rule 35(b) does not attack the merits of the conviction or the validity of the sentence. Rather, it is a request that the sentencing judge reconsider the severity of a permissible sentence--a plea for leniency. We review the decision to deny a motion to reduce only for an abuse of the sentencing court's discretion. United States v. Hart, 922 F.2d 613, 615 (10th Cir.1990); United States v. Galoob, 573 F.2d 1167, 1170 (10th Cir.1978).
 
 
 6
 "[O]nce a sentencing court, for whatever reason, declines to reduce a sentence under a timely filed Rule 35 motion, the court of appeals cannot overturn the sentence imposed unless it is in excess of the maximum limits or constitutes cruel and unusual punishment." Galoob, 573 F.2d at 1171. "If a sentence imposed is within the prescribed statutory limits, the appellate court generally will not regard it as cruel and unusual punishment." United States v. Gourley, 835 F.2d 249, 253 (10th Cir.1987), cert. denied, 486 U.S. 1010 (1988). " '[U]nless we are convinced that the sentences are 'unconscionably excessive' the trial court's discretion in imposing sentences within statutory limits will not be disturbed." United States v. Rogers, 960 F.2d 1501, 1514 (10th Cir.) (quoting United States v. Brewer, 630 F.2d 795, 804 (10th Cir.1980)), cert. denied, 113 S.Ct. 817 (1992).
 
 
 7
 In this case, each count carried a maximum possible penalty of five years imprisonment. The district court imposed three-year sentences for two counts and a two-year sentence on the third count. Imposed consecutively, Miller received an eight-year sentence out of a possible fifteen-year sentence. Miller's sentence clearly was within the statutory limits, and, although Miller may find the penalty harsh, we do not find an eight-year sentence cruel or unusual punishment for an IRS employee who submits multiple fraudulent tax refund claims. In denying the motion, the district court stated that it believed that the original sentence was "appropriate, just and reasonable." Although Miller notes that he did not receive a hearing on his motion and states that the court's brief order demonstrates that it abused its discretion by not seriously reconsidering the sentence, the district was not required either to hold a hearing, see United States v. Catch the Bear, 727 F.2d 759, 762 (8th Cir.1984), or to set forth a lengthy explanation for its decision, see United States v. Baraldini, 803 F.2d 776, 777 (2d Cir.1986). Miller further contends that the district court abused its discretion by considering Miller's pro se motion without inquiring as to why Miller was not receiving the assistance of his court-appointed counsel. Miller, however, had no right to counsel for that proceeding. See United States v. Nevarez-Diaz, 648 F.Supp. 1226, 1229-33 (N.D.Ind.1986); United States v. Webb, 534 F.Supp. 28, 30 (W.D.Okla.1981). It therefore was natural that the district court attached no significance to Miller's pro se status. We hold that the district court's order denying Miller's motion to reduce sentence was a permissible exercise of the court's discretion.
 
 
 8
 Finally, Miller contends that his sentence is void because it was imposed pursuant to a nonexistent statute, 18 U.S.C. § 276. The record reveals, however, that the district court sentenced Miller by referring to the counts for which Miller had been charged under the applicable statute, 18 U.S.C. § 287. Only the written judgment form referred to the nonexistent § 276. "It is firmly established in this circuit that an orally pronounced sentence controls over a judgment and commitment order when the two conflict." United States v. Blackner, 901 F.2d 853, 855 (10th Cir.1990).
 
 
 9
 The order denying Mr. Miller's motion to reduce sentence is AFFIRMED. Miller also recently filed with this court a "motion for summary judgment" regarding the pending appeal of his motion to reduce his sentence. Because such a motion is not cognizable in this court, it is DISMISSED without prejudice. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3