9 F.3d 118
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Deborah Kay SCHRUM, Defendant-Appellant.
 No. 92-1372.
 United States Court of Appeals, Tenth Circuit.
 Oct. 21, 1993.
 ORDER AND JUDGEMNT[1]
 
 1
 Before TACHA and EBEL, Circuit Judges, and COOK, Senior District Judge.[2]
 
 
 2
 Deborah Kay Schrum appeals from a district court order denying her Rule 35(b) motion for a reduction of sentence. Fed. R. Crim. P. 35(b). We exercise jurisdiction under 28 U.S.C. 1291 and affirm.
 
 I. Background
 
 3
 In December 1987, Ms. Schrum pleaded guilty to one count of conspiracy in violation of 18 U.S.C. 371 and one count of possession and sale of stolen goods from an interstate shipment in violation of 18 U.S.C. 659. The district court judge placed Ms. Schrum on five years probation and ordered her to pay $8,000 in restitution. Ms. Schrum violated her probation in February 1991 when she pleaded guilty and was convicted of one count of felony theft for writing insufficient funds checks totalling nearly $10,000. See Colo.Rev.Stat. Ann. 18-4-401 (1986). She was then arrested for violating the terms of her probation. After holding a series of hearings, the district court revoked Ms. Schrum's probation and sentenced her to thirty months imprisonment. Ms. Schrum subsequently filed a Motion to Reduce Sentence pursuant to Rule 35(b). Fed.R.Crim.P. 35(b). The district court denied Ms. Schrum's 35(b) motion and this appeal followed.
 
 II. Discussion
 
 4
 Ms. Schrum first argues on appeal that the district court erred in refusing to reduce her thirty-month sentence. We review the sentencing court's decision to deny a motion to reduce only for an abuse of discretion. United States v. Hart, 922 F.2d 613, 615 (10th Cir.1990); United States v. Galoob, 573 F.2d 1167, 1170 (10th Cir.1978). In essence, a Rule 35(b) motion requests the sentencing judge to reconsider the severity of a permissible sentence--it is a plea for leniency. "[O]nce a sentencing court, for whatever reason, declines to reduce a sentence under a timely filed Rule 35 motion, the court of appeals cannot overturn the sentence imposed unless it is in excess of the maximum limits or constitutes cruel and unusual punishment." Galoob, 573 F.2d at 1171. See also United States v. Rogers, 960 F.2d 1501, 1514 (10th Cir.) ("The established rule regarding review of sentences is that, once it is determined a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end.' ") (quoting Dorszynski v. United States, 418 U.S. 424 (1974)), cert. denied, 113 S.Ct. 817 (1992).
 
 
 5
 We hold that the district court's order denying Ms. Schrum's Motion to Reduce Sentence was a permissible exercise of the court's discretion. First, despite Ms. Schrum's contention that the thirty-month sentence was unduly harsh, the sentence clearly was within the statutory limits. 18 U.S.C. 3565 provides that "[i]f the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may ... (2) revoke the sentence of probation and impose any other sentence that was available ... at the time of the initial sentencing." In this case, Ms. Schrum violated a condition of her probation by committing felony theft and the district court then revoked her probation, sentencing her to thirty months. This sentence clearly was within the statutory limits because the sentence available at the time of Ms. Schrum's initial sentencing was fifteen years imprisonment. See 18 U.S.C. 371, 659 (providing for maximum possible penalties of five and ten years imprisonment respectively). Second, we note that the district court based the thirty-month sentence on individualized factors, including Ms. Schrum's personal history and her criminal recidivous tendencies. For example, the court relied on psychological evaluations, medical recommendations and the fact that Ms. Schrum had violated the terms of her probation by committing felony theft, failing to pay restitution, and returning home late on several occasions while on home detention.[3] We therefore conclude that the district court did not abuse its discretion in denying Ms. Schrum's Rule 35(b) Motion to Reduce Sentence.
 
 
 6
 Ms. Schrum also asserts that her attorney's failure to directly appeal the district court's order imposing the thirty-month sentence constituted ineffective assistance of counsel. "We review de novo a determination whether an attorney's performance is so deficient that it violates a defendant's right to effective assistance." United States v. Elias, 937 F.2d 1514, 1520 (10th Cir.1991).
 
 
 7
 In this case, the district court's order revoking Ms. Schrum's probation and sentencing her to thirty months imprisonment was entered on June 10, 1992. Ms. Schrum's attorney did not file a notice of appeal within ten days of the June 10, 1992 order as required by Federal Rule of Appellate Procedure 4(b). Failing to file a notice of appeal may constitute ineffective assistance of counsel. See United States v. Davis, 929 F.2d 554, 557 (10th Cir.1991). Here, however, even if her attorney's failure to file a direct appeal amounted to ineffective assistance of counsel, Ms. Schrum's loss of the right to file a direct appeal resulted in no prejudice. She still was allowed to appeal under Rule 35(b) from the sentence imposed by the district court, and in reviewing the denial of her Rule 35(b) Motion to Reduce Sentence, we already have concluded that her sentence was within the statutory limits and that the district court did not commit an abuse of discretion. Ms. Schrum's ineffective assistance of counsel argument is therefore without merit.
 
 
 8
 For the foregoing reasons, the order denying Ms. Schrum's Motion to Reduce Sentence is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 The Honorable H. Dale Cook, Senior District Judge, United States District Court for the Northern District of Oklahoma, sitting by designation
 
 
 [3]
 As a result of her felony theft conviction, the Pueblo County District Court sentenced Ms. Schrum to eight years probation, ninety days imprisonment, and ordered her to pay $9,869.24 in restitution. Ms. Schrum also violated the terms of her state probation. For example, the court initially granted her a stay of execution of the ninety-day jail sentence until November 1991, but ordered her to commence the sentence in July 1991 when it was discovered that she had failed to work and pay restitution. Moreover, in August 1991, she was granted a furlough from the jail but never returned