Veronice A. HOLT

v.

KMI CONTINENTAL, INC.

Civ. No. B–86–389 (WWE).

United States District Court,
D. Connecticut.

April 27, 1993.

Veronice A. Holt, pro se.

Carol C. Merchasin, Day, Berry & Howard, Boston, MA, Albert Zakarian, Lisa J. Damon, Day, Berry & Howard, Hartford, CT, for defendant.

## RULING ON MOTION TO DISQUALIFY DISTRICT JUDGE

EGINTON, Senior District Judge.

In August, 1986, Plaintiff Veronice A. Holt, brought this action under Title VII of the Civil Rights Act of 1964, alleging that the defendant discriminated against her on the basis of race and gender.

Plaintiff, pursuant to 28 U.S.C. §§ 144 and 455, now moves this court to recuse itself from any further proceedings in this matter. For the reasons set forth below, the motion will be denied.

### Discussion

■ The decision whether to grant or deny a recusal motion is left to the sound discretion of the district judge. *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir.1988), *cert. denied*, 490 U.S. 1102, 109 S.Ct. 2458, 104 L.Ed.2d 1012 (1989). A judge to whom a party directs a recusal motion is presumed to be impartial. A judge should avoid recusing himself on unsupported or highly tenuous speculation. *McCann v. Communications Design Corp.*, 775 F.Supp. 1506, 1522–23 (D.Conn.1991). The test for recusal is whether a reasonable person, knowing and understanding all the relevant facts, would conclude that the judge's impartiality might reasonably be questioned. 861 F.2d at 1313. Any alleged partiality must be extrajudicial in origin. *Apple v. Jewish Hosp. and Medical Center*, 829 F.2d 326, 333 (2d Cir.1987).

■ The Second Circuit has held that sections 144 and 455(b)(1) should be construed *in pari materia*. *United States v. Pugliese*, 805 F.2d 1117, 1125 (2d Cir.1986). Both sections call for recusal when a judge has personal bias or prejudice in favor or against a party. A district judge must accept as true the facts alleged in the complaining party's affidavit. *Berger v. United States*, 255 U.S. 22, 41, 41 S.Ct. 230, 236, 65 L.Ed. 481 (1921). However, this requirement does not prevent a judge from placing the facts alleged in their proper context and examining the surrounding circumstances. *Rosen v. Sugarman*, 357 F.2d 794, 798 (2d Cir.1966). The affidavit must demonstrate a true personal bias and must state specific facts and not mere conclusions and generalities. *McCann v. Communications Design Corp.*, 775 F.Supp. 1506, 1524 (D.Conn.1991).

■ In plaintiff's supporting affidavit, she attempts to analogize certain circumstances present in this case with those of another

case now pending before this court.[1] Both cases involve an employment discrimination action, against a corporate defendant. While plaintiff has proffered some specific complaints, they are not, when examined closely, justification for recusal. Plaintiff's central argument appears to be that, based on its rulings in the two cases, this court is biased in favor of corporations generally and of the defense attorney and law firm representing the defendant in this case specifically. Plaintiff has not alleged bias or prejudice based on extrajudicial conduct. She concludes that this court is biased by merely citing the somewhat similar case wherein this court entered some rulings unfavorable to the plaintiff. This conclusion is highly tenuous. A careful review of the present case reveals rulings by this court for and against plaintiff. Furthermore, since the instant case is before the court rather than to be tried by a jury, the court has uniformly insulated itself from discovery matters since the filing of the complaint. The discovery rulings which concern the plaintiff were issued by a magistrate noted for his objectivity and diligence, The Honorable Thomas P. Smith. Pursuant to the federal rules and the local rules concerning the authority of a United States Magistrate Judge, this court has not been required to review any of the decisions by Judge Smith on a *de novo* basis, and has not done so. The court has examined them only on the basis of the "clearly erroneous" standard authorized by 28 U.S.C. § 636(b)(1)(A). Thus the court has been able to avoid exposure to the parties or the issues prior to a prospective court trial.

Accordingly, upon examination of all facts and surrounding circumstances, a reasonable person would not question the impartiality of this court. Indeed, the court has developed no opinions, biases or prejudices concerning this civil action in any respect. Nevertheless, recognizing that perceptions to a pro se plaintiff are often as significant, or even more so; than the reality, the court, with the consent of The Honorable Alfred V. Covello will transfer this case to the docket of Judge Covello.

## CONCLUSION

For the reasons articulated above, the motion to disqualify the district judge is DENIED.

---

1. *Hollander v. American Cyanamid Co.*, 5–85–481    (WWE).