38 F.3d 1217
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Alayne Barry ADAMS, Defendant-Appellant.
 No. 93-5682.
 United States Court of Appeals, Sixth Circuit.
 Oct. 25, 1994.
 
 Before: MARTIN, NELSON, and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal presents us for a second time with the defendant's claim that she was the subject of a vindictive prosecution initiated in retaliation for having filed an employment discrimination suit against the government. Finding no error in the district court's thorough opinion rejecting this claim, we shall affirm the challenged order.
 
 
 2
 * The defendant, Alayne Adams, was convicted on charges of perjury and filing false tax returns. When the case was here before we reversed the perjury convictions and remanded the remainder of the case to the district court for further proceedings on the vindictive prosecution issue. See United States v. Adams, 870 F.2d 1140 (6th Cir.1989).
 
 
 3
 Ms. Adams, formerly a lawyer for the United States Equal Employment Opportunities Commission, had sued that agency in 1981 for employment discrimination. In the course of discovery the government obtained Ms. Adams' tax returns for 1976, 1977, and 1978. The returns did not reflect income Ms. Adams had earned in 1977 and 1978 from the private practice of law. Although the tax deficiencies were not large, and although Ms. Adams and her late husband (and co-defendant) Mayo Coiner paid the deficiencies, Ms. Adams was indicted and convicted.
 
 
 4
 The district court had initially denied a motion to dismiss the case without having held an evidentiary hearing on the vindictive prosecution issue. We thought that there were sufficient indications of impropriety to suggest a need for limited discovery and possibly a hearing as well, depending on what turned up in discovery.
 
 
 5
 On remand the district court allowed wide-ranging discovery. After the completion of discovery, the court conducted a three-day evidentiary hearing at which numerous witnesses testified. The court subsequently issued a 28-page opinion carefully reviewing the evidence and concluding that the prosecution of Ms. Adams had not been undertaken from vindictive motives.
 
 II
 
 6
 and
 
 
 7
 Ms. Adams contends that the district court improperly allocated the burden of proof on her vindictive prosecution claim. A defendant seeking relief from prosecution bears the burden of proving prosecutorial vindictiveness,
 
 
 8
 "and must establish either (1) actual vindictiveness, or (2) a realistic likelihood of vindictiveness which will give rise to a presumption of vindictiveness. Thereafter, the burden shifts to the prosecution to justify its decision [to prosecute] with legitimate, articulable, objective reasons." United States v. P.H.E., Inc., 965 F.2d 848, 860 (10th Cir.1992).
 
 
 9
 Ms. Adams asserts that she made a showing of a "realistic likelihood of vindictiveness" in this case; that the court erred when it found to the contrary; and that the government did not come forward with sufficient evidence to show that the prosecution was not vindictive.
 
 
 10
 Regardless of whether Ms. Adams made the prima facie showing necessary to put the government to the burden of explaining its actions,[1] we think that the government offered ample evidence that the prosecution was legitimate. In this connection we note that following the remand, Ms. Adams abandoned her claim that the head EEOC attorney in Memphis had procured her prosecution out of vindictive motives. Ms. Adams instead focused her attack on Devon Gosnell, the assistant United States attorney who handled both the EEOC suit and the criminal prosecution. Ms. Gosnell, who had never been an employee of the EEOC, testified that she felt duty-bound to investigate Ms. Adams when discrepancies were uncovered between Ms. Adams' deposition testimony in the civil case and the tax returns that Ms. Adams and Mr. Coiner had filed in the late 1970s. Ms. Gosnell further testified that she lacked the power to institute the prosecution. The final decisions to convene an investigative grand jury and to seek an indictment were made instead by officials of the Justice Department and the Internal Revenue Service in Nashville and Washington, D.C.
 
 
 11
 Ms. Gosnell's testimony was corroborated by other evidence, which indicated that the ultimate decision-makers neither knew the details of Ms. Adams' lawsuit against the EEOC nor had any ulterior motive for wishing to punish her. Correspondence between officials in the IRS and the Department of Justice cited objective and neutral law enforcement goals to be served by instituting a prosecution. These officials believed that prosecution would tend to deter others from violating the tax laws, and they apparently saw the violations as being particularly blameworthy in light of the defendants' status as attorneys.
 
 
 12
 The evidence presented by Ms. Adams was not particularly helpful to her. She did produce evidence tending to show that an investigative agent had told her lawyer that it was his job to find evidence that Ms. Adams had committed a crime, "no matter how small," but the lawyer's account of this incident was rather vague and tentative, and the comment proved nothing about the intent of the decision-makers.
 
 
 13
 Similarly, the affidavit of Andrew Gipson (a former IRS investigator and an accountant for the defendants) was inapposite to the issue of vindictiveness, because it offered no insight on the prosecutor's state of mind. The affidavit of Charles Dixon (a former EEOC employee) addressed only the motives of the EEOC lawyer, not the prosecutor. In light of impeachment evidence submitted at the hearing, the district court did not consider the Dixon affidavit credible.
 
 
 14
 In short, Ms. Adams offered little reason to disbelieve the government's account of the events leading to her indictment and prosecution. We think the district court was entitled to credit the government's story and to find that the procedures used by the government ensured that the charging decision was untainted by a desire for retaliation.[2]
 
 B
 
 15
 After the remand, Ms. Adams filed a motion to disqualify the district court judge. She asserted that certain comments made by the judge during a conference with counsel showed him to be biased against her. The court denied the motion, and Ms. Adams says it erred in doing so.
 
 
 16
 28 U.S.C. Sec. 144[3] allows a party to a district court proceeding to seek the disqualification of the presiding judge where the judge harbors a bias or prejudice for or against one of the litigants. A judge is presumed to be impartial, and a litigant seeking disqualification bears the burden of alleging facts that would lead a reasonable person to question the neutrality of the judge. Holt v. KMI Continental, Inc., 821 F.Supp. 846, 847 (D.Conn.1993). Where the movant fails to establish grounds for recusal, the district judge is obliged to deny the motion and hear the case. SEC v. Drexel Burnham Lambert, Inc., 861 F.2d 1307, 1312 (2d Cir.1988), cert. denied, 490 U.S. 1102 (1989). The judge's decision on a motion to disqualify is reviewed for abuse of discretion. Molina v. Rison, 886 F.2d 1124, 1131 (9th Cir.1989).
 
 
 17
 To be disqualifying under Sec. 144, the alleged bias or prejudice "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." United States v. Grinnell Corp., 384 U.S. 563, 583 (1966). See also Liteky v. United States, 114 S.Ct. 1147, 1151-52 (1994).
 
 
 18
 In this case the defendants did not assert that the judge harbored a bias against them "stem[ming] from an extrajudicial source." The defendants asserted only that he had made pejorative statements during an in-chambers conference, when he commented that a jury already had decided that they were liars.
 
 
 19
 The judge's comment was true as far as it went; after a full trial on the merits, a jury had indeed convicted Ms. Adams of perjury and of making a false statement on a tax return under penalty of perjury, and it had found Mr. Coiner guilty of the latter offense. The judge's remark was thus based on what he had learned during the trial and was not a ground for his disqualification. Further, there is no reason to believe that his opinion on the defendants' veracity would "result in [his having] an opinion on the merits" of the remaining proceedings. Grinnell, 384 U.S. at 583. The only matter then pending before the district court was the defendants' motion to dismiss because of vindictive prosecution. The defendants' propensity for truth-telling had no bearing on the merits of the motion; the merits turned, rather, on the motivations and thoughts of the various government actors.
 
 
 20
 AFFIRMED.
 
 
 
 [1]
 A "realistic likelihood of vindictiveness," which requires a court to presume that the prosecution was in fact vindictive, will be present only in a narrow range of cases. See United States v. Goodwin, 457 U.S. 368, 381-84 (1982) (emphasizing hazards of broad application of presumption of vindictiveness). Our sister circuits have repeatedly declined to find a realistic likelihood of vindictiveness in cases where an individual sued the government and then was indicted on criminal charges. United States v. White, 972 F.2d 16, 19 (2d Cir.), cert. denied, 113 S.Ct. 669 (1992); United States v. Miller, 948 F.2d 631, 634 (10th Cir.1991), cert. denied, 112 S.Ct. 1278 (1992)
 
 
 [2]
 Ms. Adams claims here, for the first time, that she is the victim of improper selective prosecution. Because she did not raise this claim before the district court, we decline to address it. Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-44 (6th Cir.1991)
 
 
 [3]
 Section 144 states, in relevant part:
 "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."